The opinion of the Court was delivered by
Sergeant, J.
The law is now settled in Pennsylvania, that in replevin a set-off is inadmissible in the sense in which that term is commonly used: but that under our defalcation act, the tenant may, in replevin, deduct from the rent due to the landlord, the damage he may have sustained by the landlord’s breach of a covenant in the same lease, relating to the demised premises, and constituting part of the consideration of the rent. Gray v. Wilson, (4 Watts, 39); Fairman v. Fluck, (5 Watts, 516); Beyer v. Fenstermacher, (2 Whart. 95).
In the present case, the act of the landlord in taking the bulk windows, &c., appears to have been done, not under the covenant in the lease, but independent of it altogether. Eor the provision in the lease is to take them at a fair valuation, with the deduction therefrom of the $50 which the landlord was to ■ contribute. Clauses of this kind are intended to give the landlord an option either to take the improvements on paying for them, or to permit the tenant to remove them after the expira *153 tion of Ms term, leaving the premises in their original state. And that is, I think, clearly the design of this covenant. 110. Haight is either to reqeived back the above-mentioned fifty dollars, Alfred Drake leaving the premises, respecting doors and windows, as he receives them, or to take the improvements made by Alfred Drake at a fair valuation, with the deduction of the fifty dollars.” Then before they could be taken by the landlord under this covenant, (whoever had the right under it,) something was to be done — a valuation was previously to be made by men chosen in some way or other, or agreed on by the parties. These clauses, it is true, are sometimes, as here, so imperfectly expressed, as not easily to be executed, if the parties are on hostile terms. But that is not a sufficient reason why they are to be rejected altogether. Where parties choose to insert them in their agreements, they must abide by them as they are. It was therefore the duty of the tenant under this lease to have procured a valuation, by a mutual choice of men, in a reasonable time after the expiration of the lease — or at least to have offered to the landlord to do so — and if *the landlord refused, then to take away the articles he had put up, from the premises, and restore the premises to their original condition, first paying back the fifty dollars. Here the second lease expired on the 3d day of June, 1835. The tenant did nothing, but left the articles on the premises until the 8th day of July, five weeks afterwards, when they were taken and sold by the landlord. This may have been a tort, though as to that I give no opinion, as it may depend on different considerations; but if it were, the tenant might bring his action of trespass de bonis asportatis, or trover, against the landlord, and recover damages for sueh injuries as he sustained.
It is well settled, that an independent tort committed by the landlord, cannot be made the ground of defalcation by the tenant in replevin — nor, indeed, by a defendant in any action.
As to the second error, we are of opinion that it does not arise on this record. The avowry is for rent in arrear from Jackson as tenant. The replication does not deny this tenancy by Jackson; or that the rent was due and in arrear from him. It in effect confesses these facts and avoids them by setting up a right of defalcation for a claim against the landlord, wMch the plaintiff was willing, and offered, and still offers to make. The . proceedings in the Court below on the other'issues are not before us, and cannot be inquired into on this record.
Judgment affirmed.
Cited by Counsel, 4 Wharton, 227.
See also, post, 19S.