## National Cash Register Company, Appellant, *v.* Cochran.

*Replevin—Set-off—Pleading.*

In an action of replevin to recover personal property set-off cannot be pleaded or allowed.

In an action of replevin where it appears that the defendant in accepting the surrender of leased premises from a tenant accepts from the tenant a cash register, the possession of which was in the tenant under a contract of bailment with the plaintiff, and it appears that the tenant when he received the cash register delivered to the plaintiff an old cash register which was in the demised premises and belonged to the defendant, the latter cannot offer evidence as to the title and value of the old cash register, and have such value set off against the plaintiff's demand.

Argued Feb. 11, 1903. Appeal, No. 13, Feb. T., 1903, by plaintiff, from judgment of C. P. Lycoming Co., Sept. T., 1901, No. 138, on verdict for defendant in case of National Cash Register Company v. D. A. Cochran. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Reversed.

Replevin for a cash register. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the following offer was made by defendant's counsel:

Mr. Reilly: Defendant proposes to prove by the witness on the stand that he is the defendant in this suit; that sometime in 1890 the defendant ordered from the National Cash Register Company a cash register which was specially made to his order, for which he paid the sum of $175; that sometime in 1899 he was the owner of the Gamble House property in Jersey Shore; that he leased the said property to one George C. Tomb for a period of years, and that about the same time he leased to said George C. Tomb all the personal property in the said Gamble House, including his cash register; that sometime in April, 1900, he took the said goods and chattels and building leased to said George C. Tomb into his possession again; that among the said goods there was a cash register which was not the cash register of the defendant; that he has always been willing to give up the cash register then in his building providing his

own cash register or its equivalent in cash is returned to him; that sometime in 1900 the plaintiff company offered to return to defendant his own cash register, and he agreed to accept his cash register and return this cash register to the plaintiff company, but that the plaintiff company offered a cash register that was not the cash register of the defendant, but one of an inferior make; also, that the dealings that he has had with the cash register people were such as to give them notice that the cash register taken by it was the property of the defendant and not the property of George C. Tomb.

Mr. Hicks : Counsel for plaintiff objects to the offer:

1. Because it does not propose to prove that the plaintiff is not entitled to recover the register sued for in this case.

2. Because the title to the register of the defendant which he claims the plaintiff took from said Gamble House is not in issue and cannot be tried in this case.

3. Because the defendant cannot prove or claim any set-off in this action.

4. Because it is incompetent, irrelevant and immaterial.

The objections are overruled by the court and the evidence admitted.

Whereupon counsel for plaintiff except and bill sealed. [1]

The court charged in part as follows:

[Now we propose to submit to the jury this question: That if you believe from the evidence in this case that the defendant had no knowledge of this transfer or exchange of his cash register for the register in question, and that the plaintiff in this case knew or had reason to know that the register was the property of David A. Cochran, that the plaintiff in this action is not entitled to take the possession of that cash register now in the possession of Mr. Cochran, and for which this suit is brought, unless they do return to him the cash register which they took from him, or make some other arrangements which are satisfactory to him in reference thereto. The question therefore, is, whether this exchange was made (and there does not seem to be any dispute about that), and whether Mr. Cochran assented to it, and whether they had reason to believe that this property belonged to Mr. Cochran.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exception; (3) above instruction, quoting it.

*T. M. B. Hicks*, for appellant.—Set-off cannot be pleaded or allowed in replevin: Patch Mfg. Co. v. Killinger, 26 Pa. C. C. Rep. 539.

*J. M. Reilly*, of *Reilly & Shale*, for appellees, cited: Pearsoll v. Chapin, 44 Pa. 9; Wilson v. Gray, 8 Watts, 25; Murray v. Paisley, 1 Yeates, 197; Heilman v. McKinstry, 18 Pa. Superior Ct. 70.

OPINION BY MORRISON, J., April 20, 1903:

This was an action of replevin brought July 10, 1901, by the plaintiff to recover a cash register numbered 176,432, manufactured by the plaintiff and delivered by it July 27, 1899, to George C. Tomb on a contract of bailment. This contract is dated July 27, 1899, signed by George C. Tomb. Upon the face of the contract and all the evidence in the case there is no question but the transaction in regard to the cash register was purely one of bailment. This contract provided that in case of the default of the bailee, Tomb, to comply with its terms the bailor might immediately take possession of the register. At the time Tomb received from the appellant the cash register in dispute, he was running a hotel at Jersey Shore, leased by him from D. A. Cochran, the defendant herein, and had in his possession an old cash register which he turned in to the plaintiff at the agreed valuation of $43.75 on account. In addition to this he paid the appellant from time to time $60.00 the last payment being made December 23, 1899. Tomb subsequently gave up his lease for the hotel, returning it to Cochran together with the various chattels therein, including the cash register in suit. It appears that this was done without the knowledge or consent of the plaintiff. When the plaintiff learned these facts it demanded its cash register of the defendant, Cochran. He refused to deliver it, claiming that the old register delivered to the plaintiff by Tomb was his (Cochran's) which the plaintiff should have known, as it had sold the old register to Cochran in April, 1898. Cochran offered to return the Tomb register to the plaintiff upon its returning the old

register to him. The plaintiff denying any knowledge of the fact that the old register, at the time of the transaction, belonged to Cochran, explained that the old register had been destroyed, but offered to Cochran, in compromise, a register of the same make as the old one and, it claimed, in better condition, which Cochran refused upon the ground that it was not the identical old register. This suit then resulted, Cochran giving a claim property bond and retaining the register in dispute.

Upon the trial the court below admitted evidence in behalf of Cochran of the title to and value of the old register, and charged the jury that if at the time of the transaction with Tomb, the plaintiff knew or had reason to know that the old register belonged to Cochran, and that Cochran did not assent to the transaction, then the plaintiff could not recover its register from Cochran until it returned to him the old one. The result was a verdict in favor of Cochran, the appellee. The appellant did not admit the title of the old register to have been in Cochran at the time Tomb delivered it. And did not admit its value and contended that the title to the old register could not be tried in this action which involved only the title and right of possession of the register for which the writ was issued. The submission of the question of the title and value of the old register, as above indicated, to the jury and sustaining their verdict in favor of the defendant and entering judgment thereon is, substantially, the error complained of by the appellant. It is not seriously denied that the title to the cash register for which this suit was brought was and is in the appellant, nor is it contended that Tomb had not committed a breach of the contract of July 27, 1899, under which he secured possession of the register. The evidence clearly establishes the fact that without complying with the terms of his contract he had disposed of the cash register to the defendant, and therefore it cannot be contended that the appellant had not the right to bring this action for the recovery of its property or the value thereof. We think the appellant, at the trial, sustained its title to the property and the right of immediate possession thereto; that the evidence fully came up to the rule in Heilman v. McKinstry, 18 Pa. Superior Ct. 70.

The plaintiff having shown a prima facie title and right of

possession to the cash register, the question arises did the court err in allowing evidence in regard to the old cash register and its value, which had been delivered to the appellee long prior to the delivery of the register in suit, and which had gone into the possession of Tomb and was by him delivered to the plaintiff or some one of its agents ? In other words was it error for the court to allow the jury to set off against the value of the plaintiff's cash register in dispute the value of the old one which the defendant claimed had gone into the plaintiff's possession through Tomb? We consider the law well settled in Pennsylvania that set-off cannot be pleaded and allowed in replevin. Some of the decisions are the following : Fairman v. Fluck, 5 Watts, 516 ; Peterson v. Haight, 3 Wharton, 150 ; Macky v. Dillinger, 73 Pa. 85; and the procedure act of April 19, 1901, P. L. 88, has not changed this rule : Patch Mfg. Co. v. Killinger, 26 Pa. C. C. Reps. 539; 18 Ency. of Pl. & Pr. 547. The last authority is to this effect.

" In an action of replevin to recover possession of personal property, a set-off cannot be pleaded."

The evidence shows, clearly, that the old cash register which Tomb delivered to the plaintiff to apply on the rental or price of the one in suit was found in possession of Tomb, and there is no evidence that the appellant had any notice or knowledge that he did not own it. It was found in his possession and he delivered it to the appellant or its agent at a price agreed upon, which was credited on the bailment for the instrument in suit. In this there is nothing to raise an inference of any fraud or bad faith on the part of the appellant, and we can see nothing in this to warrant the court below in allowing the jury to inquire into the title of the old cash register and to set off its value against the plaintiff's claim for the register in suit and thus defeat the plaintiff's right to recover the value of its register, which Tomb held as bailee, and which he had wrongfully delivered to the defendant. It was manifestly error for the court below to charge the jury as follows : " Now we propose to submit to the jury this question : that if you believe from the evidence in this case that the defendant had no knowledge of this transfer or exchange of his cash register for the register in question, and that the plaintiff in this case knew or had reason to know that the register was the property of David A. Cochran,

that the plaintiff in this action is not entitled to take the possession of that cash register now in the possession of Mr. Cochran, and for which this suit is brought, unless they do return to him the cash register which they took from him, or make some other arrangements which are satisfactory to him in reference thereto." The court erred in refusing the plaintiff's third point, "That under the evidence in this case the plaintiff is entitled to recover the said cash register or its value in this action from said defendant: " Green & Sons v. Bauer, 15 Pa. Superior Ct. 372, and cases there cited.

In our opinion all of the evidence in regard to the old cash register above referred to ought to have been excluded or withdrawn from the jury. If the defendant owned the old cash register at the time Tomb delivered it to the plaintiff and received credit therefor on his contract of bailment, he, the defendant, is not without remedy. Of course if he never parted with his title and did nothing to estop him from setting it up, it cannot be argued that he has not a right of action to recover the same or its value. What is here decided is that he could not interpose this matter as a defense in the action of replevin to recover the value of the cash register leased or bailed to Tomb. So far as in harmony with this opinion the assignments of error are sustained. Judgment reversed and venire facias de novo awarded.