## Eureka Knitting Company v. Snyder, Appellant.

*Replevin—Set-off—Defense.*
Set-off cannot be pleaded and allowed in an action of replevin.

*Affidavit of defense—Partnership—Accounting.*
An averment in an affidavit of defense that one partner had demanded an accounting from his copartner of the partnership assets received by the latter, and that it was found that the copartner was indebted to the partnership fund, is not a distinct averment that there had been a final settlement of the partnership accounts and property; all that is averred

may be true, and yet if the partnership accounts were collected, the co-partner might have a substantial interest in the fund.

If a partner with his own money buys a boiler and engine held by the firm under a lease, the partnership is not thereby released from its covenant to pay rent, and it must still pay according to the terms of the lease either to the partner who bought the property, or to his assignee.

*Trusts and trustees—Purchase of legal title—Personal property.*

Implied trusts will not be enforced against a bona fide purchaser of the legal title from an original trustee for a valuable consideration, and without notice of the equity of the person in whose favor the trustee holds.

Argued Dec. 6, 1907. Appeal, No. 204, Oct. T., 1907, by defendants, from order of C. P. Schuylkill Co., May T., 1907, No. 29, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Eureka Knitting Company, Limited, to the use of Harry Deibert, to the use of John A. Sprenger, v. Charles P. Snyder and Wm. Seifert, trading as Snyder & Seifert. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Replevin for a boiler and engine.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

C. E. Berger, for appellant.—The utmost good faith is required of partners in relation to each other: Featherstonhaugh v. Fenwick, 17 Vesey, 298; Lacy v. Hall, 37 Pa. 360; Latta v. Kilbourn, 150 U. S. 524 (14 Sup. Ct. Repr. 201).

The action of replevin in this case is against the firm of Snyder & Seifert. The judgment is against Seifert only. The plaintiff, John A. Sprenger, can rise no higher, in his right of action, than the original parties. He took the assignment, subject to all the equities existing between the original parties: Faull v. Tinsman, 36 Pa. 108; Hall v. Logan, 34 Pa. 331; Sullivan v. Sweeney, 189 Pa. 474.

There is another reason why this action cannot be sustained. If, as contended, the assignment to the said Charles P. Snyder, enured to the benefit of the firm of Snyder & Seifert, the property was firm property, and could not be used by a member of the firm in payment of his individual indebtedness: Kutz v. Naugle, 7 Pa. Superior Ct. 179.

If the plaintiff's title be clearly and fully set forth with an averment of wrongful dispossession the defendant must meet this prima facie showing by setting forth in his affidavit of defense facts sufficient to justify his retention of the property: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463.

*J. A. Noecker,* for appellee.—This balance of $174.84 was not a balance due to Seifert after a final settlement of the partnership business; but was, as stated in the affidavit, an accounting of the partnership assets received by Charles P. Snyder. In other words, a balance due from Snyder to the firm, arising from moneys collected by him and not yet paid into the partnership fund. Seifert could not maintain an action of assumpsit against Snyder for this alleged balance: Andrews v. Allen, 9 S. & R. 241; Killam v. Preston, 4 W. & S. 14; Ferguson v. Wright, 61 Pa. 258.

Consequently he cannot claim this alleged balance of $174.84, as a set-off: Russell v. Miller, 54 Pa. 154; Knerr v. Hoffman, 65 Pa. 126.

A trustee buying property for another, but in his own name, may maintain an action for replevin in his own name for its recovery: Douglass v. Wolf, 6 Kansas, 88; Appleby v. Barrett, 28 Pa. Superior Ct. 349.

A purchase by one partner of the property hired by the partnership, enures to the benefit of his copartner only upon payment of his share of the purchase money: Laffan v. Naglee, 9 Cal. 662; Moreau v. Saffarans, 35 Tenn. 595; Wheatley v. Calhoun, 12 Leigh (Va.), 264; Browne v. Scull, 27 Pa. Superior Ct. 513.

OPINION BY PORTER, J., July 15, 1908:

The plaintiff in this action of replevin filed a statement

averring that the Eureka Knitting Company, Limited, was, on April 22, 1905, the owner and in possession of an engine and boiler and on said day delivered the same to the defendants under a written contract of bailment for the period of ten months, for the sum of $200, $50.00 of which was paid upon the execution of the contract, and the defendants covenanted to pay ten installments of $15.00 each on the twenty-second day of each month, beginning with May 22, 1905; the said contract further provided, that at the end of the term for which the said engine and boiler was leased, the same was to be returned to the owners, the Eureka Knitting Company, Limited, and also provided further, that if the said defendants would comply with all the conditions of said contract of bailment, and make all the payments therein stipulated when due, then, and not otherwise, they might at their option purchase said boiler and engine within ten days after the expiration of the time for which the same was rented, by paying the party of the first part, $1.00 purchase money; and the contract further provided that the bailor might reclaim possession of said boiler and engine, whenever the defendants failed to pay the rent stipulated. The statement further averred that the Eureka Knitting Company, Limited, on September 27, 1905, did sell and assign said lease and the boiler and engine therein described to Harry Deibert, and that the said Harry Deibert, on January 29, 1907, assigned the same to John A. Sprenger. Copies of the original lease, and of the several assignments thereof, were attached to this statement. The assignment from the Eureka Knitting Company, Limited, to Deibert was made in consideration of $58.74 paid to the knitting company, and the assignment from Deibert to Sprenger specifies the same amount as the consideration thereof, and the latter assignment was also under seal. The statement further averred that the defendants had failed in business, that their property had been sold at sheriff's sale; that subsequently to the said sheriff's sale William Seifert, one of the defendants, unjustly took possession of said engine and boiler, the property of the plaintiff, and wrongfully and unjustly detained the same although a demand was made upon him for the surrender of the posses-

sion. The statement averred that the defendants had not complied with the terms and conditions of the said bailment, in that they did not pay the monthly installments of rent reserved in the lease and that they had thereby forfeited their right to hold possession of the said engine and boiler.

William Seifert, one of the defendants, filed an affidavit of defense in which he admitted that the defendants had acquired possession of the boiler and engine in the manner set forth in the plaintiff's statement, and that the defendants had failed to pay the monthly installments of rent according to the terms of the contract of bailment. His affidavit averred, as a defense to this action of replevin, that: "Some time during the summer of 1906, the said William Seifert demanded an accounting from Charles P. Snyder of the partnership assets received by him, and Myer Strouse was mutually agreed upon by the partners to state their account, from which it was ascertained that the said Charles P. Snyder was indebted to the partnership fund to the said William Seifert in the sum of $174.84, which he still owes." The affidavit further averred, that Charles P. Snyder furnished to Harry Deibert, use plaintiff, the sum of $58.74, the consideration named in the assignment of September 27, 1905, and the said Harry Deibert took the said assignment for the said Charles P. Snyder, and transferred his alleged right, title and interest in said engine and boiler by assignment on January 29, 1907, to John A. Sprenger, the plaintiff, to secure the said John A. Sprenger for an indebtedness due him from the said Charles P. Snyder. The affidavit then states the ground upon which the appellant claimed the right to hold the engine, thus: "Your deponent avers that he is holding the said engine to secure him in part for the moneys due on said partnership account of said Charles P. Snyder." The learned judge of the court below made absolute the rule for judgment for want of a sufficient affidavit of defense, and Seifert appeals.

The affidavit of defense did not and could not allege that Seifert had a lien upon this boiler and engine for the debt of Snyder. Even had Snyder been the plaintiff in this action, Seifert could not have set off a debt due him against the de-

mand for the return of specific property. The law is well settled in Pennsylvania that set-off cannot be pleaded and allowed in replevin: National Cash Register Company v. Cochran, 22 Pa. Superior Ct. 582. The affidavit of defense while it does inferentially state that the partnership had been dissolved, during the summer of 1906, does not aver that the partnership affairs had been finally settled. What it does state is that the appellant had "demanded an accounting from said Charles P. Snyder of the partnership assets received by him," and that it was found that the said Charles P. Snyder was indebted to the partnership fund. This is not a distinct averment that there had been a final settlement of the partnership accounts and property; all that is averred in this branch of the affidavit may be true and yet if the partnership accounts were collected, Snyder might have a substantial interest in the fund. This averment amounts to nothing more than a statement that Charles Snyder had received partnership assets, for which he had not accounted to the amount of $174.84. The affidavit did not sufficiently allege that upon a final settlement of all the partnership accounts and disposition of the firm property it had been ascertained that there was any definite amount due him from Snyder, and the claim as stated could not be made available as a set-off: Russell v. Miller, 54 Pa. 154; Appleby v. Barrett, 28 Pa. Superior Ct. 349. The appellant certainly had no lien upon the property for the amount which he insufficiently alleged to be due from Snyder. If, therefore, the affidavit of defense was sufficient, it could only be upon the ground that the facts as stated vested the title to the property in him personally, or in the partnership.

The learned counsel representing the appellant argues that this case is ruled by those authorities which hold that a partner who takes a renewal of the lease of the premises where the joint trade is carried on, in his own name and for his own individual benefit, is a trustee for the partnership, and cites Johnson's Appeal, 115 Pa. 129. That case was presented by a bill in equity for an accounting and settlement of the partnership business. The firm had been dissolved, but the term of the lease under which they held the premises where the

business was carried on had not yet expired, and one of the partners obtained a renewal of the lease in his own name. It was held that the chance or opportunity of a renewal of the lease was in itself a distinct asset of the partnership in which all the partners had an interest, and that the value of that right must be determined as an expectancy only, and not as a certainty. The case here presented is wholly different. This is not a bill for an account. Even if Snyder, after the dissolution of the firm, furnished the money with which Deibert bought the engine and boiler from the knitting company, the firm of Snyder & Seifert was not thereby deprived of any right or expectancy. The firm still stood in relation to the property in the same position that it had formerly occupied. All that it had to do, in order to retain possession of the boiler and engine, was to pay the rent according to the covenants of the agreement under which it had acquired the possession. There is no allegation in the affidavit that the money which Snyder advanced to Deibert was the property of the firm. If a partner, with his own money, buys the store in which his firm carry on business and which they hold under a lease, the partnership is not thereby released from its covenants to pay rent, it must still pay according to the terms of the lease, although a member of the firm has become the landlord.

The affidavit of defense does not allege that Sprenger had notice or knowledge, at the time he acquired title to the boiler and engine, that Snyder had furnished the money with which Deibert bought of the knitting company. It is a well-settled rule that implied trusts will not be enforced against a bona fide purchaser of the legal title from an original trustee for a valuable consideration, and without notice of the equity of the person in whose favor the trustee holds. The assignment to Sprenger purported upon its face to be for a valuable consideration and the affidavit of defense does not aver that it was not so. The affidavit states that the assignment to Sprenger was made to secure him for an indebtedness due him from Snyder, but it does not state whether that indebtedness had been pre-existing or was contracted at that time. We must assume that the defendant made his affidavit as strong as the

facts would permit, and upon the facts as presented Sprenger was an innocent purchaser for value, and his title was good as against any secret trust of which he had no notice.

The transactions between the knitting company and ·Deibert, and the latter and Sprenger did not involve a sale of a chose in action. The legal title to the boiler and engine, with the right to the rental and to take possession in case the defendants failed to pay, was what each of the purchasers in turn acquired. Seifert could have retained possession of the property by paying the rental according to the terms of the lease, but this he failed to do. The assignments of error are overruled.

The judgment is affirmed.