# Hall's Safe Company *v.* Walenk, Appellant.

*Corporations—Foreign corporations—Registration—Doing business.*

1. A foreign corporation which merely files an order for goods and delivers the same in Pennsylvania, without maintaining an office in this state or transferring any portion of its capital to this state, or prosecuting its ordinary business here, may maintain an action of replevin without having previously registered in compliance with the Act of April 22, 1874, P. L. 108.

*Bailment—Lease of chattel—Action.*

2. In an action of replevin to recover a chattel leased under a bailment, where it appears that the defendant has failed to pay the rental provided by the contract, the defendant cannot set up as a defense that the chattel was not what it was warranted to be.

*Replevin—Set-off—Action.*

3. A set-off is not admissible in an action of replevin.

Argued March 9, 1910.  Appeal, No. 36, March T., 1910, by defendant, from order of C. P. Lackawanna Co., May T., 1909, No. 308, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Hall's Safe Company v. Mathies Walenk.  Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Replevin for a safe.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alton A. Vosburg,* with him *Chas. W. Dawson,* for appellant.—Compliance with the Act of April 22, 1874, P. L. 108, is a condition precedent to the lawful transaction of business in Pennsylvania by a foreign corporation, and without such compliance its engaging in business herein is utterly unlawful and can give rise to no rights the company can enforce in the courts of the state: Eastman on Corp., sec. 623; Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; Thorne v. Travelers' Ins. Co., 80 Pa. 15; Steel Tube Co. v. Riebl, 9 Pa. Superior Ct. 220; Milsom Rendering, etc., Co. v. Kelly, 10 Pa. Superior Ct. 565; Liebig Mfg. Co. v. Hill, 7 Pa. Superior Ct. 15; Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466; Von Steuben v. R. R. Co., 178 Pa. 367; Johnson v. Hulings, 103 Pa. 498; Del. River Quarry, etc., Co. v. Ry. Co., 204 Pa. 22; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727 (5 Sup. Ct. Repr. 739).

An affidavit of defense averring that the signing of a contract was secured by false representations, is sufficient: Hewitt v. Altick, 15 Lanc. L. R. 240; Lake v. Weber, 6 Pa. Superior Ct. 42; Smalley v. Morris, 157 Pa. 349.

*Fred E. Beers,* with him *R. Louis Grambs,* for appellee.—The plaintiff is entitled to be confronted with averments which are sufficiently definite to designate the defense relied upon by the defendant: Wile & Brickner Co. v. Onsel, 10 Pa. C. C. Rep. 659; Woolverton v. Smith, 4 W. N. C. 442; Black v. Halstead, 39 Pa. 64.

A foreign corporation, though not registered in Pennsylvania, may maintain an action in replevin for the recovery of its property: Berry Hill Mineral Spring Co. v.

Pile, 35 Pa. C. C. Rep. 354; Wolff Dryer Co. v. Bigler, 192 Pa. 466; Construction Co. v. Winton, 208 Pa. 467; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Mearshon & Co. v. Lumber Co., 187 Pa. 12; Com. v. Simons, 3 Pa. Dist. Rep. 792; Standard Oil Co. v. Com., 101 Pa. 119; Com. v. Bell Telephone Co., 129 Pa. 217; Kilgore v. Smith, 122 Pa. 48.

A foreign corporation, though not registered in Pennsylvania, may maintain an action in replevin for the recovery of its property: Berry Hill Mineral Spring Co. v. Pile, 35 Pa. C. C. Rep. 354; Wolff Dryer Co. v. Bigler, 192 Pa. 466; Construction Co. v. Winton, 208 Pa. 467.

OPINION BY HENDERSON, J., April 18, 1910:

This is an action of replevin. The plaintiff's claim is based on a contract executed by the defendant in which the latter agreed to lease a certain safe according to the terms set forth in the contract. The plaintiff's title is not denied in either of the affidavits of defense filed. The right of recovery is disputed, however, on three grounds: (1) that the plaintiff is a foreign corporation engaged in business in Pennsylvania without being registered as required by the Act of April 22, 1874, P. L. 108; (2) that the safe was not of the kind and quality represented by the plaintiff's agent; and (3) that the defendant is entitled to set off against the plaintiff's claim the value of an old safe given in part payment for the new one. As to the incapacity of the plaintiff to maintain the action it is alleged in the original affidavit of defense that "The plaintiff is a foreign corporation organized under the laws of the state of Ohio, and is and has been doing business in the State of Pennsylvania without having been registered in this State as foreign corporations are required to be under the laws of the Commonwealth of Pennsylvania." In the supplemental affidavit the averment is that "the plaintiff corporation had offices and places of business in the State of Pennsylvania for several months prior to the time when the transactions between himself and the representative of the plaintiff company took place, during which time they were engaged in business in the State of Pennsylvania, without

having complied with the Act of Assembly and not having registered as required by law." The first affidavit is defective in the failure to set forth the character of business carried on by the plaintiff in Pennsylvania. The allegation is the opinion merely of the defendant and not a statement of the facts from which the court could determine whether the plaintiff was violating the statute in respect to registration. In a sense every foreign corporation which through its agents is selling goods within the state is doing business therein. Many such corporations are largely engaged in business in that way but this is not doing business within the meaning of the statute. Only such corporations as have established offices or transferred a portion of their capital to this state and have engaged in the prosecution of their ordinary business therein are subject to the obligation to register. Hence, the importance of setting forth the character of the business transacted. Moreover, if there were a sufficient averment that the plaintiff was at some time engaged in the prosecution of business within this state in violation of the act it is not alleged that the transaction out of which this litigation arises had any connection with that business. The pleadings exhibit a written application of the defendant to the plaintiff for the safe and the delivery of the same to the defendant. Nothing appears on the record to show that the contract was executed in Pennsylvania. On the contrary, the defendant's application appears to have been addressed to the company at its office, No. 393 Broadway, New York City, and was given subject to the approval of the company from which it might be inferred that the contract was completed in New York and not in Pennsylvania, and that there was no business transacted in this state. We are not to assume that the plaintiff violated the law as it had a right to take orders for goods in this state through agents or directly from customers without having previously registered under the act. The burden is on the defendant to show that the conduct of its business in this state subjected it to the disability provided by the statute. This is not done by the general averment that the plaintiff had offices and places of business in this state for "several months prior to the time

when the transactions between himself and the representative of the plaintiff company took place." Where it had its places of business, what the business was and when it was transacted are not made to appear. As to the second matter of defense it may be said that the question here is one of title. If the safe received by the defendant did not correspond with the description as to size and quality given by the plaintiff or its representative the defendant was not bound to receive it or to retain it. But conceding the fact to be as alleged by the defendant that did not change the title and as he has confessedly failed to make payments in accordance with the terms of the contract he cannot be allowed to keep the property because it is not just what the plaintiff agreed to lease to him. Moreover, the description of the safe is set forth in the writing signed by the defendant and it is not stated that what he got is not the thing described in the contract. The contract, too, expressly declares that "it embodies all agreements made between us and all claims of verbal agreement of any nature not embodied herein are waived." To this agreement the defendant attached his signature and seal. What he now proposes to set up is a variation of this written agreement without any averment of fraud, accident or mistake and this he is not permitted to do. It is sufficient to say of the third ground of defense that a set off is not admissible in an action of replevin: National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582. The old safe was delivered to the plaintiff in accordance with the contract and whatever its value may have been or whatever equity may exist in favor of the defendant the plaintiff's right to recover in this action is not affected thereby. The learned judge of the court below reached the correct conclusion in the clear opinion filed.

The judgment is affirmed.