# Wagner, Appellant, *v.* Prettyman.

*Replevin—Set-off—Bailment—Promissory note.*

In an action of replevin to recover possession of a piano leased under a contract of bailment upon which default had been made, the defendant cannot set off the amount of a promissory note executed by the plaintiff and owned by defendant.

Argued Dec. 16, 1912. Appeal, No. 216, Oct. T., 1912, by plaintiffs, from order of C. P. No. 2, Phila. Co., Sept. Term, 1911, No. 1,247, discharging rule for judgment for want of a sufficient affidavit of defense in case of Henry C. Wagner to the use of Margaret Wagner, Assignee of M. J. Farren, Assignee of Henry C. Wagner, v. Sarah Prettyman, also known as Mrs. A. Elwood Lancaster. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Replevin for a piano.
Rule for judgment for want of a sufficient affidavit of defense.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Joseph C. Heulings*, with him *Maxwell Pestcoe*, for appellants.—There can be no set-off in an action of replevin: Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; National Cash Register Co. v. Cochrane, 22 Pa. Superior Ct. 582.

*Jacob Weinstein*, with him *Elwert, Myers & Russell*, for appellee.—Liquidated damages arising in an independent transaction are a sound basis for set-off: Plunkett v. Sauer, 101 Pa. 356; Halfpenny v. Bell, 82 Pa. 128; Speers v. Sterrett, 29 Pa. 192; Ellmaker v. Ins. Co., 6 W. & S.

439; Carman v. Ins. Co., 6 W. & S. 155; Phillips v. Lawrence, 6 W. & S. 150; Nickle v. Baldwin, 4 W. & S. 290; Hubler v. Tamney, 5 Watts, 51; Bayne v. Gaylord, 3 Watts, 301; Shaw v. Badger, 12 S. & R. 275.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff leased a piano to the defendant on February 14, 1910, and delivered possession of the same. By the terms of the contract the lessee was to pay $7.00 a month for two years as rent and if at the end of that period the lessee should pay $57.00 in addition to the rent reserved the lessor agreed to transfer the title to the piano by a bill of sale. The lease further provided that if default be made at any time in the payment of any installment of rent as the same became due and payable then the bailment would forthwith cease and determine and the first party was authorized to retake the piano as though the same had never been rented. Afterwards the plaintiff assigned the lease to Mrs. M. J. Farran by whom it was subsequently assigned to Margaret Wagner, the use plaintiff. The lessee paid the stipulated rent for about fourteen months when she declined to make further payments; thereupon the plaintiff issued a writ of replevin and filed a statement claiming title to the property. The defendant filed an affidavit of defense in which she set forth that she was the holder by assignment of a promissory note executed by Henry C. Wagner to A. Elwood Lancaster on which there was a balance of $180.50 due and that by reason of the possession of this note she was not in default in the performance of her contract to pay rent. The substance of the affidavit then is that the defendant has a set-off against the plaintiff of which she desires to avail herself in this action. It is not asserted that the note which she holds has any relation whatever to the piano. So far as the affidavit of defense makes any disclosure this must be taken for granted. That the title to the property was in the lessor is clear. It is so set forth in the lease. No allegation of misrepresentation or fraud

is made and no contradiction of the presumptions arising from the terms of the contract. The attempt is to set off a claim arising out of an entirely different transaction against the plaintiff's demand for the recovery of the property; but a set-off has never been allowed in an action of replevin. This is a possessory action. The question involved is the title to the chattel alleged to be unlawfully detained. The act charged is a tort and the statute does not include actions of this character among those in which a counterclaim may be defalked. To hold otherwise would be to defeat the very purpose of the action. It is true that where one holds the property of another on a pledge he may demand the payment of the amount for which the pledge was made and in replevin on a distress for rent the tenant may abate the landlord's claim to the extent to which there has been a failure of consideration, but in both cases this is done by way of recoupment because the pledge and the diminished value of the demised premises are a part of the very thing in controversy. The distinction is plain, however, between such cases and those where the ordinary case of set-off is involved. Many of the cases hold that set-off cannot be pleaded in an action of replevin: Peterson v. Haight, 3 Whart. 150; Macky v. Dillinger, 73 Pa. 85; Eureka Knitting Co. v. Snyder, 36 Pa. Superior Ct. 336; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576. The last two cases arose on contracts of bailment and the case before us is not distinguishable from them in principle. If the defendant have a chose in action on which the plaintiff is liable she must assert her right against him through an action of assumpsit; her defense is not available in replevin. Much of the affidavit is devoted to an averment that the use plaintiff acquired title to the property without consideration, and in fraud of the defendant's right but we are not informed in what respect she was defrauded, nor advised of facts which impeach the title of the use plaintiff. There is no assertion that the plaintiff is insolvent or otherwise disqualified from

disposing of his interest in the piano.  This was a subject not material to the present inquiry.   It would perhaps be relevant if the defendant recovered a judgment on her note and served an execution, but does not tend to show that the defendant has a title to the piano.

The judgment is reversed, the rule is reinstated and the record remitted to the court below with instructions to enter judgment for the plaintiff unless other cause be shown to the contrary.