## Liveright v. Thornton, Appellant.

*Replevin—Bailment—Set-off—Affidavit of defense—Payment.*

1. In an action of replevin for goods which had been delivered by the plaintiff to the defendant under a bailment and retaken by the plaintiff for default of weekly installments of rental, the defendant cannot set off an overpayment on another and entirely distinct transaction.

2. An affidavit of defense averring payment is insufficient where it does not state how and when the payment was made.

Argued Nov. 12, 1913. Appeal, No. 174, Oct. T., 1913, by defendant, from judgment of C. P. Lancaster Co., Feb. T., 1913, No. 9, on verdict for plaintiff in

612     LIVERIGHT v. THORNTON, Appellant.

Statement of Facts—Opinion of the Court.    [56 Pa. Superior Ct.

case of Howard Liveright, trading as the Lancaster Supply Company, v. Lizzie Thornton.    Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Affirmed.

Replevin for goods delivered under a bailment and retaking for default in payment of weekly installments of rental.   Before Hassler, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

B. F. Davis, for appellant, cited: Lyon v. Witters, 65 Vt. 396; Hollander Bros. Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403; Lawrance v. Smedley, 6 W. N. C. 42.

F. Lyman Windolph, with him John E. Snyder, for appellee.

Opinion by Porter, J., April 20, 1914:

This is an action of replevin for goods which had been delivered by the plaintiff to the defendant upon two distinct bailments, evidenced by two written agreements leasing the goods, one dated March 7, 1905 and the other dated February 4, 1909. . The defendant filed an affidavit of defense which the court below held to be sufficient as to the goods delivered under the lease of March 7, 1905, but insufficient as to the goods embraced by the lease of February 4, 1909, and made absolute a rule for judgment against the defendant for the part of the goods delivered under the last-mentioned lease.   The defendant appeals from that judgment.

The court having held the affidavit of defense to be sufficient as to the goods which were delivered under the first lease we have here only to consider the provi-

sions of the lease of February 4, 1909, the averments of the statement of plaintiff with regard to the goods involved in that transaction, and the allegations of the affidavit of defense with regard thereto. Under the provisions of the lease the defendant covenanted to pay for the use of the goods a rental of $1.00 per week, payable on Saturday of each week, and it was in the lease expressly covenanted that in case default be made in the payment of any weekly installment of rental the lessor might at his pleasure terminate the lease and take possession of the goods. The statement averred that the defendant had made default in the payment of all the weekly installments of rent which became due on the agreement from and after December 12, 1910, that plaintiff had elected to rescind the lease and reclaim the property and that the defendant wrongfully detained the same. The first affidavit of defense filed averred that the defendant had complied with the terms of the agreement and that the sums called for thereby had been paid either by her or her husband, but was wholly insufficient in that it failed to state how or when the same had been paid. The plaintiff then took a rule for judgment and counsel for the defendant evidently recognized the defects in the first affidavit and an attempt was made to cure them by filing a supplemental affidavit of defense. In this affidavit the defendant averred that she had paid the rentals to the plaintiff or his agent from February 13, 1910, until December 12, 1910, but so far as this averment was concerned it denied nothing not admitted by the plaintiff in his statement. Then followed certain averments as to the amount which the defendant had paid as rentals, upon other goods, under the agreement of March 7, 1905, but there was no allegation that there had been any overpayment of rental under that particular agreement. The defendant then attempted to set up as a defense to the right of the plaintiff to retake the goods delivered under the lease of February 4, 1909, an alleged over-

payment by her for goods which had been delivered under an entirely distinct bailment, having no connection whatever with either of the leases involved in this case. Her allegation upon this point is as follows: "In another book of 1906, she is charged with a china closet, for $40.00, and in the book in which the charge was made shows that she paid the plaintiff's agent $62.50 or $22.50 more than the china closet amounted to. Said sums were paid from August 18, 1906, to March 6, 1909, inclusive." We are of opinion that this averment is wholly insufficient to show that the plaintiff was not entitled to take the goods delivered under the contract of February 4, 1909, because of the failure of the defendant to pay the rentals which accrued on and after December 12, 1910. The affidavit does not allege that this payment of $22.50 was made on account of the rentals in question, and that it could not truthfully so allege is manifest, for the reason that most of the payment must have been made before the goods were delivered under the contract of February 4, 1909, and more than twenty-one months before the installments of rental in question became due. Even if this were a case in which the defendant was entitled to set off an overpayment by him on some entirely distinct transaction, this affidavit does not sufficiently aver the facts which would entitle her to the set-off. An affidavit alleging a set-off must state the facts with the same particularity required of a plaintiff in his statement. This affidavit, upon this point, simply states that "in another book," without stating what book or whose book, "she is charged with a china closet for $40.00, and in the book in which the charge was made shows that she paid the plaintiff's agent $62.50 or $22.50 more than the china closet amounted to." This is not a distinct averment that she had made the payment of $62.50, but assuming it to be an averment of that bald fact in indefinite terms, it would still be insufficient, in that it does not state how and when the payment was made. This is

clearly an attempt to set off an overpayment in another transaction, and in replevin set-off is not permissible: Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582.

The judgment is affirmed.