# Delaware Underwriters of West Chester Fire Ins. Co. *v.* National Union Fire Ins. Co., Appellant.

*Insurance—Fire insurance—Reinsurance—Contract — Affidavit of defense.*

In an action by one fire insurance company against another to recover a fire loss under a contract of reinsurance giving to the defendant the right to cancel "any individual risk for cause," an affidavit of defense is insufficient which merely avers that the defendant had cancelled the individual risk in question "for cause." In such a case the affidavit of defense must set forth the facts from which the defendant drew the conclusion that it was warranted in cancelling the policy for cause.


Argued Dec. 4, 1914.   Appeal, No. 249, October T., 1914, by defendant, from order of Municipal Ct. Philadelphia Co., July T., 1914, No. 201, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Delaware Underwriters of the West Chester Fire Insurance Company of New York v. National Union Fire Insurance Company.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.


Assumpsit on a contract of reinsurance.

The provisions of the contract of reinsurance are stated in the opinion of the Superior Court.


*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.


*Thomas Stokes,* with him *Henry, Pepper, Bodine & Pepper,* for appellant.—It is the duty of the court to reconcile the different parts of the contract if it can reasonably be done: Hazleton Coal Co. v. Buck Mountain Coal Co., 57 Pa. 301; Smith v. Hickman, 14 Pa. Superior Ct. 46; Lane v. Nelson, 167 Pa. 602.

The clause is not inconsistent because the general

agreement that risks shall be cancelled by mutual consent contains an exception in the case of individual risks cancelled for cause.

*H. M. Schell,* with him *Frank R. Shattuck,* for appellee, cited: Wakely v. Sun Ins. Office, 246 Pa. 268, 273; Strauss v. Wanamaker, 175 Pa. 213.

OPINION BY HEAD, J., July 21, 1915:

The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals.   In disposing of the appeal it is not necessary to recite the several steps by virtue of which each of the present parties succeeded to and became bound by the rights and obligations created by a contract made by their predecessors.   It is sufficient to say that both parties stand upon the written contract thus made.   We may treat them therefore as if the agreement in question had been originally entered into by them.

The plaintiff issued a certain policy of insurance agreeing to indemnify the assured therein named against loss by fire.   The defendant issued its policy to the plaintiff reinsuring a certain portion of the said risk. Later on, and before the happening of any fire, the defendant undertook to cancel its policy of reinsurance. The plaintiff declined to consent to such cancellation. By reason of a fire the plaintiff company incurred a loss under its policy and brought this action to recover from the defendant that portion of the loss covered by its policy of reinsurance.

The clause in the contract which determines the rights of the parties in respect to cancellation is as follows: "It is further understood and agreed that should this contract be terminated at any time the Calumet Insurance Company (now the defendant) will not cancel any risk in force except by mutual agreement; but the privilege of cancelling any individual risk for cause

shall be allowed the said Calumet Insurance ·Company at any .time, etc." ˙ The plaintiff's statement sets forth the facts ·we have already ·stated and has attached to it· a ·copy of the written agreement.   It avers the attempt of the defendant company to cancel its outstanding policy issued to the plaintiff and that the latter declined to agree or consent to such cancellation, hence the ·liability of the defendant.   The latter; in its affidavit of defense, admits all of the facts referred to ·but rests its defense on the following statement in its affidavit: "The defendant company cancelled all its liability upon the individual risk under certificate No.. E-10842 for cause and duly notified the plaintiff company of such cancellation by registered mail on January 15, 1914."   Did the attempted cancellation in fact rest upon a valid cause for cancellation?   That is the exact question to be litigated.   Whether or not the act of the defendant, seeking to relieve itself of liability, was predicated of a cause which in the eyes of the law would justify and validate its attempt to relieve itself of liability under .its policy, is a question for the judgment of the court after the necessary facts have ;been made to appear.   There could be no valid cause for such cancellation so far as the court below or this court has been informed, unless there was some change .in the circumstances or conditions existing at the time the defendant's policy was issued.   When the plaintiff brought this action, it was the judgment of the court, not that of the defendant, which was invoked.   ·It was the manifest duty of the defendant to set forth in its affidavit the facts from which it drew the conclusion it was warranted in cancelling its policy, thus extinguishing the liability ·it ˙had voluntarily assumed.   The mere averment of its own conclusion, or that of its officers, that there was cause for cancellation cannot now avail.   As was said in Hall's ·Safe Co. v. ˙Walenk, 42 Pa. Superior Ct. 576: "The allegation is the opinion merely of the defendant and not a statement of the facts from which

the court could determine whether the plaintiff was violating the statute in respect to registration."

The affidavit, in the averment we have quoted, is nothing more than the statement of a conclusion reached by the defendant which necessarily involved mixed questions of law and of fact. It therefore fails to disclose a state of facts from which the court could determine that the cancellation was valid, and this being true, no legal reason appears why its liability under its policy should not be enforced. The learned court below was therefore right in making absolute the rule for judgment.

Judgment affirmed.