## Mitchell et al. *v.* Standard Repair Co., Appellant.

*Replevin—Storage—Lien—Possession— Compensation — Warehouseman.*

1. In replevin, nothing can be tried but the right of possession to the property in controversy; a mere claim for compensation, such as for storage, gives no such right, unless it creates a lien.

2. A claim of lien is not sustainable unless the lien is established either at common law, by statute or by agreement of the parties. The commercial customs of the present day do not favor the tying-up of personal property by liens.

3. In the absence of agreement or statute, the lien on goods for storage charges extends only to cases of those engaged in the business of public warehousemen.

4. In an action of replevin, where it appears that plaintiffs had sent railroad cars to defendant's shop for repairs, where they remained after the repairs had been paid for, although defendant had requested their removal and sent bills for storage, plaintiff may recover the cars but judgment cannot be entered subject to the payment of the storage charges, inasmuch as there was no lien for them.

5. Although ordinarily set off cannot be pleaded or allowed in replevin, the nature and extent of a claim in replevin is warranted to be raised by the right to a lien, or by section 6, of the Act of April 19, 1901, P. L. 88, 90, permitting conditional verdicts to enforce liens in replevin.

Argued September 28, 1922. Appeal, No. 143, Oct. T., 1922, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1922, No. 66, on verdict for plaintiff in case of C. C. Mitchell and J. A. Bradley trading as Pittsburgh Machinery Co. v. Standard Repair Co. Before Mosch-zisker, C. J., Frazer, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Replevin for railroad cars. Before Berkey, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned,* inter alia, was judgment for plaintiff generally, notwithstanding the conditional verdict for defendant, quoting record.

*Joseph Levy,* for appellant.—The repair company was entitled to a lien: Steinman v. Wilkins, 7 W. & S. 466; Hoover v. Epler, 52 Pa. 522; Rodgers v. Grothe, 58 Pa. 414; Mathias v. Sellers, 86 Pa. 486; Estey v. Dick, 41 Pa. Superior Ct. 610; Com. v. Shepherd, 62 Pa. Superior Ct. 102; McIntyre v. Carter, 2 W. & S. 392; McCarty v. R. R., 30 Pa. 247.

*A. L. Petty,* for appellees.—There was no lien for storage: Henwood v. Cheeseman, 3 S. & R. 499; Grove v. Barclay, 106 Pa. 155; Diller v. Roberts, 13 S. & R. 60; Wells v. Hornish, 3 P. & W. 30; Fuller v. Bradley, 25 Pa. 120; Nicolette Lumber Co. v. Coal Co., 213 Pa. 379.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

In this action of replevin for certain railroad cars, the jury found in favor of plaintiffs, "on condition" that they pay defendant the sum of $3,418.36, "in compensation for storage of the cars"; the court below set aside the monetary finding and simply entered judgment on the verdict for plaintiffs; defendant has appealed.

In the summer of 1920, plaintiffs sent 25 railroad cars, which they owned, to defendant's plant to be repaired; the work was fully completed and paid for; plaintiffs were requested to remove their property, which they failed to do, the cars remaining on the tracks in defendant's yards; in December, 1921, having previously delivered to plaintiffs numerous bills for storage, defendant threatened a sale at public auction to satisfy its claim on that account; thereupon, plaintiffs issued the present writ of replevin, and regained possession of their property.

It may be defendant has a valid claim against plaintiffs for the use and occupation of the former's tracks after the completion of the repairs on the latter's cars (Grove v. Barclay, 106 Pa. 155), but that would not necessarily create a lien. If the bill for repairs had not been paid, defendant would have had an enforceable lien on that account; but, this bill having been settled, the only questions here are, Was defendant's storage claim of a nature that entitled it to possession of plaintiff's cars until its demand was satisfied? and, incidentally, How far may claims of this kind be adjudged in actions of replevin?

To take up the last question first, the general rule, as stated in Nicolette Lumber Co. v. People's Coal Co., 213 Pa. 379, 381, is that, "in......replevin, nothing can be tried but the right of possession to the property in controversy......[and] a mere claim for compensation [there, demurrage due to delay in unloading barges] ......gives no such right unless [it] creates a lien." If defendant had a lien, it was entitled to retain possession of plaintiff's cars until its claim was discharged; and either that right, or the provision in section 6 of the Replevin Act of April 19, 1901, P. L. 88, 90, permitting conditional verdicts for the purpose of enforcing liens, gives sufficient warrant for raising in the present action questions concerning the nature and extent of defendant's claim, albeit ordinarily no set-off can be pleaded or allowed in replevin: Eureka Knitting Co. v. Snyder, 36 Pa. Superior Ct. 336, 341.

The real point, however, is, did defendant have a lien? For, if that is answered in the negative, all other questions pass out of the case. The parties themselves might have provided in their contract that defendant's claim for storage should be a lien on the cars, and, if they had, plaintiffs would be bound by the agreement (Nicolette Case, supra, p. 381); but no contract of this kind appears. Furthermore, no business custom or other circumstance was proved from which an agreement for a lien could be

implied; and neither the pleadings nor defendant's testimony shows any claim to, or assertion of, a right of that kind, other than the allegation that defendant had notified plaintiffs to remove the cars or they would be required to pay storage from the date of the completion of the work, and the assertion that bills were rendered from time to time for storage charges,—"by reason whereof," defendant alleges, it "acquired a lien upon said cars for its proper storage charges." But, could it thus acquire a lien and, if so, on what established principle?

In Pennsylvania, a warehouseman has a common law lien for storage charges (Steinman v. Wilkins, 7 W. & S. 466); but a warehouseman is "one who carries on the business of receiving and keeping goods on storage......for compensation" (Tradesmen's Nat. Bk. v. Jagode, 186 Pa. 556, 563; Nat. Union Bk. v. Shearer, 225 Pa. 470, 485), and, at the trial, defendant's president frankly admitted his corporation was "not in the storage business." Moreover, defendant did not undertake to show that storage, for hire or otherwise, was incidental to its regular business; and it points to no statute giving it a right of lien for storage charges. Under the circumstances here presented, the governing rule is that stated by 30 Am. & Eng. Enc. of Law, 2d ed., 63, thus: "In the absence of agreement or statute, the lien upon goods for storage charges extends only to cases of those engaged in the business of public warehousemen" (see also 17 R. C. L. 603, section 11); and not a Pennsylvania case has been put before us which varies this rule, though we have examined all of those cited in the briefs on both sides.

While appellant indicates no agreement, act of assembly, or other authority to show explicitly its alleged right of lien, it urges that, being a bailee of some sort, it is entitled to such a right, and, to sustain that thought, it points to the language of this court in Hoover v. Epler, 52 Pa. 522, 524, where we said "Certain it is, that the doctrine of liens in favor of bailees is not retrograd-

ing but advancing, and is a wholesome restraint on the credit system, which is generally injurious in individual transactions to both parties"; but the matter just quoted was written in 1866, since which time we have seen the rise of a great industrial and commercial age, resting on the credit system, a fact which suggests that the policy of the law should support, rather than impede, this manner of doing business. The commercial customs of to-day do not favor the tying-up of personal property by liens; and if the courts should now countenance any such general attitude toward the credit system as that announced in the case relied on by appellant, business, as that term is presently understood, would soon come to a standstill; such utterances as those above quoted, while perhaps appropriate when written, are entirely inappropriate to this age, and, therefore, should be given no judicial heed, as guiding thoughts, at the present time. Under our law, a claim of lien is not sustainable unless the lien is established either at common law, by statute, or by agreement of the parties. The lien here attempted to be asserted falls within none of these classes; hence the court below did not err in refusing to allow it.

The judgment is affirmed.