## Sears, Roebuck & Co. v. White et al.

*Bailment—Lien—Storage.*

An ordinary bailee who obtains possession of a piano from a lessee cannot retain possession of it against the owner on the ground that he has a lien on it for storage charges.

Rule for judgment for want of sufficient affidavit of defence in an action in replevin. C. P. Blair Co., March T., 1921, No. 150.

*Robert W. Smith,* for plaintiff; *B. F. Warfel,* for defendants.

BALDRIGE, P. J., May 16, 1923.—The plaintiff entered into an agreement with Martin White for the sale and delivery of a piano-player; the purchaser defaulted in payments, and thereupon a writ of replevin was issued by the plaintiff to obtain possession of his property. William G. Strayer intervened and filed an affidavit of defence, alleging that he had a lien on the piano-player, as it was delivered to him for his care and storage, and that he incurred certain expenses in connection therewith. He asks for a jury trial, so that the amount due him can be determined. Thereupon a motion for judgment for want of sufficient affidavit was filed against the intervening defendant; no defence was filed by Martin White.

If the defendant were a warehouseman and engaged in the business of moving and caring for goods in storage for compensation, he would be entitled to a lien under our law: National Union Bank v. Shearer, 225 Pa. 470. There is no contention, however, that he is in that business; he is an ordinary bailee, and, therefore, he is not entitled to a lien: Mitchell v. Standard Repair Co., 275 Pa. 328.

In the case of Jacobs v. Steinberg, in which the opinion of the Superior Court was handed down on March 2nd of this year, and not yet reported, the court held that where a title to a piano is in dispute, the one who obtains possession of it from the lessee cannot retain possession against the owner on the ground that he has a lien for storage charges. That is exactly the case here. This affidavit of defence, therefore, is insufficient.

Now, May 16, 1923, this case came on to be heard, was argued by counsel, and, after due consideration, judgment is hereby entered in favor of the plaintiff and against the defendants under the pleadings in the case.