## Evans, Trustee, v. Witman.

*Replevin—Lien for storage—Practice.*

1. The law assumes that when property is placed in storage the owner expects to pay for the storage, but whether, under the circumstances, the parties intended that storage was to be paid is for the jury.

2. Where a plaintiff gives a bond and causes a writ of replevin to issue against a person having possession by virtue of a claim of lien, and under it the property is given up to him, the question of whether or not the defendant has a lien must be settled by a jury trial, and a judgment for want of a sufficient affidavit of defense cannot be entered.

Replevin. Rule for judgment for want of a sufficient affidavit of defense. C. P. Lancaster Co., Aug. T., 1927, No. 18.

*Charles W. Eaby*, for plaintiff; *K. L. Shirk*, for defendant.

LANDIS, P. J., Oct. 8, 1927.—This was an action of replevin. In the plaintiff's statement it is averred that Isaac M. Christ was duly adjudicated a bankrupt on April 7, 1927, and Joseph T. Evans, the plaintiff, was duly elected and qualified as his trustee; that at the time of the adjudication, Christ was the owner of a Ford automobile, which was in the possession of Henry Witman, the defendant, and that when the plaintiff demanded possession of the automobile, the defendant refused to deliver it up. It is alleged that the automobile was worth $125. The defendant delivered the car to the sheriff, under the writ, and did not file a counter-bond.

The defendant in his affidavit of defense does not claim to be the owner of the car, but sets up as a defense that he has a lien for storage to the amount of $60 against it.

The 6th section of the Act of April 19, 1901, P. L. 88, provides that "the declaration and affidavit of defense as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels, as between all the parties, shall be determined by a jury. If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles."

In Scholing v. Grogg, 38 Lanc. Law Rev. 533, this court has held that "the law assumes that when property is placed in storage, the owner expects to pay for the storage; but whether, under the circumstances, the parties intended that storage was to be paid is for the jury."

In replevin, nothing can be tried but the right of possession to the property in controversy, and a claim of lien is not sustainable unless the lien is estab-

lished either at common law, by statute or by agreement of the parties: Mitchell *v.* Standard Repair Co., 275 Pa. 328. But where a plaintiff gives a bond and causes a writ of replevin to issue against a person having possession by virtue of a claim of lien, and under it the property is given up to him, the question of whether or not the defendant has a lien must be settled by a jury, and under the Act of 1901 it can only be settled upon a trial. Therefore, under such circumstances, a judgment for want of a sufficient affidavit of defense cannot be entered before such a trial, for the bond stands for the property replevied, and if the lien is found to be in favor of the defendant, he can in this way recover the amount of it.

This situation is entirely different from that in which the defendant, giving a counter-bond, retains possession, and afterwards, on the face of the record, it is conceded that he has, at best, only a lien.

I do not think that at this time judgment should be entered in favor of the plaintiff, and, therefore, this rule is discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.