## Travelers Hotel Company v. Yorke.

*Gilkeson & James,* for plaintiff; *John L. Du Bois,* for defendant.

RYAN, P. J., May 7, 1928.—The plaintiff sues for the recovery of 150 box springs in the possession of the defendant. In her affidavit of defense the defendant avers that the said box springs were transported to the premises occupied by the defendant and her husband, William J. Yorke, by the said William J. Yorke, in 1922, and left there. In 1923, the latter deserted the defendant, declaring "he was leaving forever." Defendant avers that when he did so, "he presumably presented the box springs to the defendant in lieu of the inevitable and rapidly accruing storage charges." "The sufficiency of such an affidavit must be determined by the same rules that control in other cases where like affidavits are required. It must state frankly and fairly the facts that support the claim of defense, not legal conclusions or mere inferences drawn by the affiant:" Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403. The affiant in the instant case sets up her inference of the fact of a gift, but does not assert it. The affidavit is insufficient in this particular. She also asserts a claim for storage against the property replevied. This is a set-off and set-off is not permitted in an action of replevin: National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Eureka Knitting Co. v. Snyder, 36 Pa. Superior Ct. 336; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Guernsey v. Moon, 46 Pa. Superior Ct. 645. Further, only a warehouseman has a lien for storage in Pennsylvania: Mitchell v. Standard Repair Co., 275 Pa. 328. The defendant does not aver that she is a warehouseman. In this particular, also, the affidavit of defense is insufficient.

And now, to wit, May 7, 1928, the rule is made absolute. The prothonotary to assess the damages.

From Calvin S. Boyer, Doylestown, Pa.