## George W. Jackson *v.* James E. Farrell, Appellant.

*Landlord's breach of contract—Measure of damages.*

The measure of damages where a landlord fails to keep a covenant to move or do something to or about a leased building is the difference between the worth of the premises in the condition in which they remained and that which they would have been in, had the landlord's covenant been performed; or so much less as they would have rented for without the covenant. Supposed loss of trade and possibly resulting profits are not to be considered.

*Practice, C. P.—Affidavit of defense—Landlord and tenant—Breach of landlord's covenant.*

The nonperformance by the landlord of a covenant to move a building cannot be set up as a defense for nonpayment of rent. The tenant could have moved the building and defalked the cost or he could have surrendered possession, or if retaining possession he is only entitled to deduct the rental value of the building unmoved from what it would have been if moved. An affidavit is defective which does not allege such difference of rental value as the measure of tenant's damages.

Argued Oct. 13, 1897. Appeal, No. 94, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T.,

1896, No. 594, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.

Plaintiff claimed on an oral agreement of lease of a certain store on the boardwalk at Atlantic City, rented to defendant as a candy store for the season of 1896 at a rental of $800, of which $200 was paid by defendant on January 18, 1896, the balance to be paid before the expiration of the year 1896; the defendant occupied the premises during the season and still had possession of the same on the 13th day of January, 1897; and that he, the defendant, refused to pay the balance of $600.

The defendant filed the following affidavit of defense:

James E. Farrell, being duly sworn according to law, deposes and says, that he is the defendant in the above case, that he has a just and legal defense to the entire claim of the plaintiff of the following nature and character, to wit: The plaintiff in his statement filed has not set forth the full and entire agreement between him and the defendant.  At and before the time when defendant agreed to rent the premises in question the plaintiff expressly promised and agreed that said candy store should be on the said boardwalk, and if the said boardwalk should be moved out towards the ocean, as was then contemplated, that he, the plaintiff, would move the said store out to the new boardwalk; that this promise and agreement on the part of the plaintiff was relied on by the defendant and induced him to lease the premises in question; that the season for business at said place is during the months of July and August; that on or about the —— day of June, 1896, the said boardwalk was moved out about one hundred and fifty feet from the said store of defendant; that the plaintiff, though often requested, neglected and refused to move defendant's store out to said boardwalk, and even refused to allow defendant to do so at his own expense; that in consequence of the neglect of the plaintiff to move said store out to said boardwalk the defendant's business was ruined and destroyed, and by reason thereof he lost in his business more than $1,000.

Defendant, relying on the promise and agreement of the plaintiff to move said store out to the new boardwalk, if erected

during the term of his lease, paid to the plaintiff the sum of $200, on account of the said rent, on January 18, 1896, that said boardwalk was moved out at the season when the business of the defendant just commenced, and that defendant was not able to secure at that time any other store. That the business of said store depended on its being situate on the boardwalk solely, that after the boardwalk was moved out, and all other candy stores were moved out to it, the defendant's store remained about 150 feet back in its old position, and was inaccessible to the people passing along the said boardwalk, and was worthless to defendant, who by reason of the plaintiff's neglect to move said store out to the said boardwalk as agreed, suffered damages to the amount of $1,000, which he will claim against the plaintiff at the trial, and ask for a certificate in his favor.

S. Morris Waln, being duly affirmed, says that he is the attorney for defendant in the above case; that defendant recently moved from Philadelphia to Atlantic City, where he now resides; that deponent wrote plaintiff's attorney to wait a few days until he could find defendant's address and to write plaintiff, who also lived in Atlantic City, for the address of defendant; that in consequence of a letter from plaintiff's attorney, which is hereto attached, deponent makes this affidavit for defendant, who is out of the city; that the above affidavit is true to the best of his information and belief.

*Error assigned* was making absolute the plaintiff's rule for judgment for want of a sufficient affidavit of defense.

*S. Morris Waln*, for appellant.—The tenant may set off the landlord's breach of contract against the landlord's claim for rent: Depuy v. Silver, 1 Clark, 385; Fairman v. Fluck, 5 Watts, 516; Peterson v. Haight, 3 Wharton, 150; Phillips v. Monges, 4 Wharton, 226–8. Claims which arise ex contractu, or are capable of liquidation by a jury, are the subject of set-off: Shoup v. Shoup, 15 Pa. 361; Hunt v. Gilmore, 59 Pa. 450.

*Eugene C. Bonniwell*, with him *S. Edwin Megargee*, for appellee.—The landlord cannot do any act which will deprive the tenant of that beneficial enjoyment of the premises to which he

is entitled under the lease.    If he does, the tenant may remove
and successfully defend against a claim for rent accruing after
removal.    But if he remains in possession he must render the
price thereof, according to his agreement.    He cannot assert
the property is uninhabitable and yet inhabit it unless he pays
the rent therefor: Sutton v. Foulke, 44 Leg. Int. 5; Wilcox
v. Palmer, 163 Pa. 109.

The affidavit does not state how the damages claimed are
arrived at.    Certainly a sweeping assertion that defendant "suf-
fered damages to the extent of one thousand dollars," unsup-
ported by any detail showing how the amount is computed or
in what manner it was suffered, is insufficient: McBrier v. Mar-
shall, 126 Pa. 390; Hopple v. Bunting, 3 W. N. C. 472; Sit-
greaves v. Griffith, 2 W. N. C. 705.

Loss of profits in business is not a legal element of damage
or a matter of set-off: Fairman v. Fluck, 5 Watts, 516.

The facts being sworn to on information and belief, there
should also be added that he expects to be able to prove the
facts contained therein: Black v. Halstead, 39 Pa. 64; Thomp-
son v. Clark, 56 Pa. 33; Hermann v. Ramsey, 5 W. N. C. 188.

OPINION BY BEAVER, J., November 19, 1897:

The affidavit of defense in this case is made by the attorney
of the defendant.    All the statements therein contained are, of
course, based upon information and belief.    Technically there
should have been an averment of an expectation on the part of
the defendant to prove the facts thus stated.    The affidavit,
however, is in itself so faulty that it is not necessary to rely
upon this technicality to affirm the judgment of the court below.
Admitting, that the covenant on the part of the plaintiff to
move the building occupied by the defendant to the board
walk thereafter to be erected was a part of the agreement for
the lease of the building, and admitting also the failure of
the plaintiff to comply with his agreement, after notice and
request by the defendant, two courses were open to the de-
fendant.    He could have moved the building, in accordance
with the terms of the agreement, and defalked the cost of mov-
ing it from the amount of the rent, or he could have surrendered
the possession, or offered to surrender it, and have relieved him-
self from the payment of the rent, or he could have retained the

possession and deducted from the rent the difference between the rental value of the store room as it would have been, if the stipulations of the agreement as alleged by him had been complied with, and its rental value as occupied by him: Peterson v. Haight, 3 Wharton, 150; Warner v. Caulk, 3 Wharton, 193.

The allegation in the affidavit of the amount of damages sustained by the defendant " by reason of the plaintiff's neglect to move the store out to the boardwalk " is vague and uncertain. This estimate of damages was evidently based upon supposed loss of trade out of which prospective profits were to be realized. This is not a proper measure of damages in such a case. The rule laid down in Fairman v. Fluck, 5 Watts, 516, based upon Schuylkill Navigation Co. v. Thoburn, 7 Sergeant & Rawle, 411, which is a leading case, is that the measure of damages for the breach of such a covenant as this on the part of the landlord " ought to be the difference between the worth of the premises in the condition in which they remained and that which they would have been in, had the landlord's covenant been performed; or, in other words, so much less as they would have rented for without the covenant." The defendant makes no effort to inform the court as to the difference in rental value between the store as it was to be under the covenant alleged by him, and the store as it was during his tenancy. The affidavit of defense was, therefore, insufficient, and the court was clearly justified in making absolute the rule for judgment.

Judgment affirmed.