# Oliver *v.* Bredl, Appellant.

*Landlord and tenant—Lease—Breach of covenant by landlord—Payment of rent under protest.*

Where a lessee pays rent under protest because of the failure of the lessor to comply with a covenant of the lease as to the erection of an addition to the leased premises, the tenant cannot subsequently recover the rent which he has paid under protest, but he is entitled to damages for breach of the contract, the measure of which would be the difference between the property as actually constructed and as the lessor agreed to construct it.

Argued May 11, 1904. Appeal, No. 105, April T., 1904, by defendant from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 67, on verdict for plaintiff in case of Charlotte N. Oliver, Administratrix of M. H. Oliver, Deceased, *v.* Frank Bredl. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for breach of a covenant contained in a lease. Before BROWN, J.

At the trial it appeared that the lease in question contained a covenant that if the lessee secured a liquor license, the lessor should build a ten-room addition to the premises. The license was secured, and an addition was built to the premises but it was not fit for hotel purposes. The lessee paid the rent under protest.

A witness for plaintiff was asked this question:

" What would you say, Mr. Davis, would be the fair rental value of the old building and the new building combined, as-

654          OLIVER v. BREDL, Appellant.

Statement of Facts—Opinion of the Court. [25 Pa. Superior Ct.

suming that the new building was completed and put in shape for hotel purposes, in 1901 ?"

Objected to by the defense as incompetent.

Objection overruled and exception for the defendant. [1]

The court charged in part as follows :

[The plaintiff is entitled to recover the difference between the rental value of the premises with and without the addition, covering the period running from May 1, 1901, to the date of the trial, November 9, 1903, a period of about thirty and one quarter months. . . .

The question of damages, and the only question of damages you are to pass upon, if you get to the question at all is the difference in the rental value before and after, or the property as it was in its old condition, and its value as affected by the addition, if the addition had been in proper shape.] [2]

Verdict and judgment for plaintiff for $756.25. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions ; (2) portions of charge as above, quoting it ; (3) refusal of binding instructions for defendant.

*R. H. Jackson*, of *Jackson & Lang*, with him *James H. Payne*, for appellant, cited : Schoenfeld v. Bradford, 16 Pa. Superior Ct. 165; De La Cuesta v. Insurance Co. of North America, 136 Pa. 62, 658 ; Payne v. School Dist., 168 Pa. 386 ; Harvey v. Girard Nat. Bank, 119 Pa. 212 ; Jackson v. Farrell, 6 Pa. Superior Ct. 31; Irwin v. Nolde, 176 Pa. 594; Wayne v. Lapp, 180 Pa. 278.

*W. T. Tredway*, for appellee, cited as to the measure of damages : Bartram v. Hering, 18 Pa. Superior Ct. 395 ; Gallagher v. Burke, 13 Pa. Superior Ct. 244; Hoeveler v. Fleming, 91 Pa. 322 ; Bitner v. Brough, 11 Pa. 127.

OPINION BY SMITH, J., July 28, 1904:

The questions involved in this case require but little discussion. The payment of rent was not under such duress or coercion as to deprive it of the character of a voluntary payment,

made with full knowledge of all the circumstances affecting the obligation ; and the protest made with the payment counted for nothing.   Hence the claim to recover back any part of the rent thus paid is untenable.   But the right to recover for the breach of the defendant's covenant respecting the structure to be erected stands on a wholly different basis.   Such a claim was not affected by the payment of rent.   It is not material whether the covenant to pay rent and the covenant to erect the addition were dependent or independent, or whether the lessee might have defended against the demand for rent on the ground of nonperformance of the lessor's covenant.   The lessee was not bound to assert his right in this form.   That performance of his covenant, by one party, bars recovery for nonperformance by the other, is a proposition totally without foundation in law. While, therefore, there could be no recovery of the rent paid, its payment was not, of itself, a waiver of the right to compensation for the lessor's breach of covenant.

The measure of damages for a breach of contract is the difference between the actual performance and the performance contracted for; in the present case, the difference in rental value between the property as actually constructed and as the lessor agreed to construct it.   The questions of fact were submitted to the jury with adequate instructions in relation to the alleged difference, and to the measure of damages arising from a breach of the lessor's covenant.   If the trial judge erred at all, it was in favor of the defendant, for the evidence respecting the lessor's animus was quite sufficient to justify a verdict for exemplary damages.   Nothing in the assignments of error requires further discussion, and they are all overruled.

Judgment affirmed.