## Long *v.* Hepps, Appellant.

*Appeals—Assignments of error—Rulings on evidence—Paper-books—Evidence.*

1. Assignments of error to the admission of evidence are insufficient if they do not set forth the rulings of the court to which the assignments refer.

2. An appeal will be affirmed where the appellant fails to print in his paper-book essential parts of the record, making it impossible for the appellate court to pass upon the questions raised by the assignments of error.

Submitted May 5, 1910. Appeal, No. 182, April T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., May T., 1906, No. 427, on verdict for plaintiff in case of Patrick Long v. Adolph Hepps. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for rent. Before EVANS, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (4–6) instructions and rule, fully quoted in the opinion of the Superior Court; 1–3 were in the following form:

1. The court erred in overruling the objection of defendant's counsel as to items contained in clause of plaintiff's declaration which reads as follows: "Plaintiff was compelled to pay out the sum of $241.39 for repairs which became necessary to be expended upon the premises during defendant's occupancy, and which repairs are shown by statement hereto attached." Said objection being based upon sec. 4, rule 8, of this court, which provides: "No evidence will be heard upon the trial of the cause, as to any facts not substantially alleged or referred to, as ground of action or matter of defense, in the statement then on file in the case."

2. The court erred in overruling objection of defendant's counsel as to the admission of testimony regarding clause in plaintiff's statement which provides: "The premises were left in such bad repair that to put them in such condition as they were at the time of making the lease, reasonable wear and tear excepted, will require the further expenditure for plastering of $260, and for carpenter work of $264." Defendant's counsel relied upon sec. 4 of rule 8, hereinbefore quoted at length.

3. The court erred in sustaining the objection of plaintiff's counsel to the following proposition of defendant's

counsel: "We propose to prove by the witness on the stand, that during the year 1903 and the beginning of 1904, the premises became in an untenable condition, by reason of the failure of plaintiff in this case to make the repairs which he agreed to make, and which were contemplated by the lease. This, for the purpose of justifying the defendant in surrendering the premises and rescinding the contract of lease."

*John F. Cox,* for appellant.

*W. B. Rodgers* and *W. I. King,* for appellee.

OPINION BY BEAVER, J., December 12, 1910:

Objection is made to the first, second, third and fourth assignments of error, as being contrary to our rules XV and XVI. The objection is well taken. These assignments are insufficient in that they do not set forth the rulings of the court to which the assignments refer. They are, therefore, not considered.

The fifth and sixth assignments relate to different parts of the charge. The fifth assignment is to the portion of the charge of the court in which it is said: "So far as the facts of this case have been produced, there is no reason why the defendant should not have paid his rent during the whole term of his lease. The defendant having abandoned the premises, the landlord, the plaintiff in this case, had two courses, either of which he might pursue. He could have paid no attention to the premises, and held the defendant liable for the full amount of rent for the term; or he could take charge of the premises for the defendant, leasing them to the best advantage, and collecting the rent, and giving defendant, the tenant, credit with all the rent he received, and hold him liable for the remainder. And that is what he has done in this case."

The sixth assignment also relates to that portion of the charge of the court which follows: "The defendant agreed

to make all necessary repairs, with the exception of repairs to the roof, the sewers and the water pipes, and to make those repairs at his own cost, and he agreed to make those repairs during the whole term of his lease, not only for the year that he actually occupied and had possession of these premises, but for the whole term of three years. He agreed by that lease to make those repairs and pay for them and, if the landlord made any repairs which the tenant had covenanted to make by the terms of this lease, then he is entitled to be compensated for that, in this suit."

We fail to see wherein there is error in either of these portions of the charge of the court, as assigned. The appellant in his argument alleges that "The lease provides that owner is to repair roofs, sewer and water pipes. Defendant alleges breach of these conditions, on account of which, premises became untenantable, and tenant, after due notice to owner, abandoned premises." A reference to the lease fails to show any specific covenant on the part of the plaintiff to make repairs to roof, sewer and water pipes. The provisions of the lease in that respect are that the party of the second part (the defendant here) shall "make all necessary repairs at his (excepting the roofs, sewers and water pipes) own proper costs and charges, without abatement of the said rent," etc.

Does the exception contained in this clause of the lease refer to the person who is to make the repairs to roofs, sewer and water pipes, or to the person at whose expense they are to be made? Observe, the provision is that the party of the second part shall make all necessary repairs, and the exception occurs in the subclause which relates to "his own proper costs and charges, without abatement of the said rent." If we were called upon to construe this lease, this would be the serious question presented, but as the case is presented to us, we do not see that we are called upon to do this, for the reason that the testimony, relating to what the defendant alleges was an untenantable condition of the premises and due notice

to the owner, is not printed, and we are, therefore, unable to determine whether or not the fact upon which the defendant predicates his right to abandon the premises existed.

The plaintiff, in answer to the defendant's position in this behalf, alleges that this whole question was passed upon in a previous action in the court of common pleas No. 3 of Allegheny county, between the same parties, and on the same lease, in which there was a verdict and judgment for the plaintiff unappealed from, and quotes the charge of Judge McClung in that case and asserts that the record of the case was in evidence in the case which we are now considering, and that, therefore, this question was res judicata. Here again we are at a loss in regard to the facts. If the record of the case referred to was in evidence, no part of it is printed in the appellant's paper-book and we are, therefore, at a loss to determine what was decided in the case. It is very evident, therefore, that these two important questions of fact are essential to an understanding of what was in issue in the case, and, as they are not presented in any way by the testimony, we are unable to determine.

The defendant cites Jackson v. Farrell, 6 Pa. Superior Ct. 31, as to the right of the defendant to abandon the premises, but that case is not in point, for the reason that the facts there were essentially different, the main one being a covenant on the part of the landlord to remove the leased premises to a more favorable site, which he failed to perform.

And so in Bittner v. Bangert, 35 Pa. Superior Ct. 448, which was a case relating to the sufficiency of an affidavit of defense made by the sureties of the tenant. The question was as to the right of the tenant to remove from the premises, because of a failure on the part of the landlord to make, in accordance with a specific covenant in the lease, such repairs to the heating plant as would make the building (a hotel) which was the subject of the lease, habitable for guests, which was alleged to be absolutely

essential to the carrying on of the business in which the lessee, for the payment of whose rent the sureties were liable, was engaged.

No objection to the omission of the testimony is made by the appellee, and, inasmuch as the case was submitted without argument, we were unable to inform ourselves in regard to the reasons for omitting all except certain excerpts which relate to the questions in relation to the admission of evidence ruled upon by the court.

The appellant, in the fourth assignment of error, says: "The court erred in ruling that the questions raised in this case were res adjudicata, by reason of the trial of the case in which the lease was construed by his Honor, Judge McClung, and followed by another case where a lease was similarly construed and treated by his Honor, Judge Evans." We have not considered this assignment of error, for the reason that it is not in accord with our rule of court; but, upon examination of the charge of the court, we fail to find any allusion to a trial by either of the judges named, and, inasmuch as the records in those cases are not presented, nor even alluded to in the testimony as printed, and for the further reason that in the charge, as printed in the appellant's paper-book, there is nothing upon which to base the assignment, it is clearly impossible for us, even if the alleged error was properly assigned, to deal with it in any way.

It seems to us quite apparent from what has been said that it is impossible, as the record stands, as contained in the appellant's paper-book, for us to determine that the court was in any way in error, either as to the admission of evidence or in its charge to the jury.

Judgment affirmed.