# Oyer, Appellant, *v.* Applegate.

*Contract—Oral lease—Landlord and tenant.*

In an action to recover damages for the breach of a contract to erect a store building, it appeared that in April, 1902, plaintiff and defendant entered into an oral agreement under which the plaintiff became the tenant of a dwelling house and a vacant lot adjoining. The lease was from month to month with a right in either party to terminate it by a month's notice. About a month after the plaintiff had taken possession he and the defendant entered into an oral agreement by which the latter agreed to build a store building on the vacant lot and have it ready for use as soon as the plaintiff left his employment as a railroad engineer. In August, 1904, the plaintiff left his employment, but nothing was done at the time or ever afterward relating to the store building, and the plaintiff never demanded its construction. In April, 1909, plaintiff gave up the premises. In March, 1911, he brought an action for damages for the breach of the contract to construct the store building. *Held*, that (1) the plaintiff was barred by the statute of limitations, and (2) that the verbal agreement to build could not be treated as an independent contract apart from the lease, inasmuch as it was too vague in its terms to be enforced.

90 · OYER, Appellant, *v.* APPLEGATE.

Statement of Facts—Opinion of the Court. [57 Pa. Superior Ct.

Argued Dec. 3, 1913. Appeal, No. 107, Oct. T., 1913, by plaintiff, from order of C. P. Northampton Co., April T., 1911, No. 46½, refusing to take off nonsuit in case of Jesse Oyer v. Ellen Applegate. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of a contract to erect a store building. Before STEWART, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*C. F. Smith*, of *Smith, Paff & Laub*, for appellant.— The agreement to build the store was entirely independent of the provisions or covenants of the lease; it was based on an independent consideration and entered into after the leasing of the premises was complete: Davis v. Brown, 98 Ky. 475; Douglass v. R. R. Co., 51 W. Va. 523; Barclay v. Grove, 21 W. N. C. 202.

*Thomas F. Diefenderfer*, with him *W. E. Doster*, for appellee, cited as to the statute of limitations: Jackson v. Farrell, 6 Pa. Superior Ct. 31; Gorman v. Miller, 27 Pa. Superior Ct. 62.

Cited as to the uncertainty of the contract: Hall v. Woolen Co., 187 Pa. 18; Smith v. Crum Lynne Iron & Steel Co., 208 Pa. 462; Ogden v. Traction Co., 202 Pa. 480; Graham v. Graham, 34 Pa. 475; Eldred v. Hazlett, 38 Pa. 16; Walls' App., 111 Pa. 460; Purves's Est., 196 Pa. 438; Carbon Spring Water Ice Co. v. Hawk, 29 Pa. Superior Ct. 13.

OPINION BY PORTER, J., April 27, 1914:

The plaintiff was a tenant, under a parol lease from the defendant, of premises consisting of a house with a vacant lot alongside, from some time in May, 1902, until about the first day of April, 1909. All the agreements between the parties with regard to the property were verbal, there never was any agreement in writing

concerning it, and the testimony produced by the plaintiff at the trial in the court below left it clear beyond doubt that the tenancy during the entire period was from month to month; the plaintiff had the right to move out at the end of any month, and the defendant had the right to terminate the relation at the end of any month, by giving proper notice. The plaintiff paid his rent monthly, but at last moved out leaving two months' rent unpaid. About two years later, in March, 1911, he brought this action of assumpsit and seeks to recover damages for breach of an alleged parol contract made by the defendant, on May 29, 1902, to erect a building, on the vacant lot, for use by the plaintiff as a confectionery and ice cream parlor. The court below, at the trial, entered a judgment of compulsory nonsuit, which it subsequently refused to take off, and the plaintiff assigns this action of the court for error.

The testimony produced by the plaintiff tended to establish the following facts. The plaintiff and the defendant, some time in April, 1902, entered into an oral agreement under which the plaintiff became tenant by the month of the entire premises, which consisted of the house and the vacant lot adjoining, upon the rear end of which was a stable or barn, and under that lease the plaintiff went into possession. The rental agreed upon was $20.00 per month. The defendant came to the premises, on May 29, 1902 and it was then orally agreed between them that the plaintiff should surrender possession of the barn or stable, which was on the rear of the lot, and that the defendant would build a storeroom on the vacant lot and have it ready for use by the plaintiff, as a confectionery and ice cream parlor, as soon as he left the railroad, upon which he was then employed as an engineer. The defendant then took and subsequently retained possession of the stable. The plaintiff continued as tenant from month to month, paying each month the rental of $20.00. The defendant did not build the storeroom on the vacant lot and took

no steps indicating that she ever intended to do so. The plaintiff left his employment with the railroad in August, 1904, he did not, so far as indicated by the evidence in this case, then or at any later date, say anything to the defendant about her failure to perform her alleged agreement to build the storeroom, or indicate to her a desire to have the same erected. The plaintiff continued to occupy the premises, as tenant from month to month, at the same monthly rental, until he moved out in 1909.

There was no evidence tending to show that there had been any communication between the plaintiff and the defendant with regard to the alleged verbal agreement to erect the storeroom after the same was asserted by the plaintiff to have been made, on May 29, 1902. There was no evidence of any subsequent declaration or action of the defendant indicating an intention upon her part to erect the building. The only evidence relating to the matter was the testimony of the plaintiff and his wife, and neither of them testified to anything said or done by the defendant subsequently to May 29, 1902, which could have led the plaintiff to believe that it was the intention of the defendant to erect the building. When the plaintiff surrendered possession of the stable he was a tenant from month to month only, and all that he surrendered was the right to the occupancy of the stable, during a fraction of a month. The plaintiff according to his own testimony continued to be a tenant from month to month only, he might have vacated the premises at the end of any month, he did not undertake to retain the premises and pay rent until the arrival of the time when he was to leave the railroad, and he never agreed to become bound as tenant to occupy the store during any definite term, if the store had been completed. The testimony produced by the plaintiff, if true, would not have warranted a finding that the defendant had agreed that the plaintiff should have the right to occupy the premises for any

definite term at any fixed rental after the store had been completed. The testimony did clearly establish that it was the intention of the parties that the tenancy should continue from month to month and that either party could terminate it at the end of any month. If these parties had, in May, 1902, entered into an oral agreement that the defendant should erect a storeroom on the vacant lot and the plaintiff should have the right to occupy the premises including the storeroom at the rental of $20.00 a month until April, 1909, there can be no question that the Statute of Frauds and Perjuries would have given to such a parol agreement the effect of a lease at will only, but there is in this case no evidence that any such oral agreement was made, the plaintiff distinctly testifies that he never became a tenant for a term longer than one month, and continued to be a tenant from month to month. It matters not whether the alleged agreement of the defendant to erect a building be construed to be a covenant of the lease or an independent contract, for the right of the plaintiff to recover must depend upon whether he has suffered an injury. Whether he has suffered an injury is dependent upon his interest in the property and is to be measured by the diminution in value of that interest. One who has no interest or estate in a particular piece of land is not likely to suffer an injury for which he can recover damages because of the failure of the owner to improve the land. The alleged wrong of which this plaintiff complains is that he was deprived of a storeroom to which he was entitled as tenant of the premises and the measure of his damages is the difference in the value of the premises for the term during which he was under the contract entitled to possession: Jackson v. Farrel, 6 Pa. Superior Ct. 31; Oliver v. Bredl, 25 Pa. Superior Ct. 653; Gorman v. Miller, 27 Pa. Superior Ct. 62. If the defendant had built the storeroom and had it ready for the use of the plaintiff when he left the railroad, in August, 1904, then, giving the plaintiff the

benefit of every inference to be drawn from the testimony, he would have been entitled to occupy the premises, including the storeroom, during his then current term as tenant, which could not have exceeded one month. The plaintiff left the employment of the railroad in August, 1904, the storeroom was not then ready for his use and he could see that it was not going to be erected; the breach of the contract was then complete, under the plaintiff's own testimony, and the term for which under the alleged contract he had become entitled to the use of the store ended not later than the last of September, 1904. This action not having been brought until March, 1911, was barred by the Statute of Limitations. The contention of the appellant that a verbal contract such as that sought to be here enforced is to be construed as a continuing and entire contract and that no breach occurs until the tenant refuses to pay rent or removes from the premises, and that he may bring his action at any time within six years after vacating the premises and recover alleged damages for a period covering many years, when during all the time he has been merely a tenant from month to month, would constitute a practical repeal of the Statute of Frauds.

The ingenious argument of the learned counsel for appellant in support of his contention that the plaintiff is entitled to recover because the parol contract in this case was entirely independent of the provisions or covenants of the lease and was based upon an independent consideration, fails to take note of the fact that the alleged agreement with regard to the building did not in itself constitute a complete contract. This verbal agreement was to the effect that the defendant should have the use of the store building, but it failed to specify during what term he should have that use or what rent he should pay; it was too vague in its terms to be enforced: Hall & Co. v. Woolen Co., 187 Pa. 18; Smith v. Crum Lynne Iron & Steel Co., 208 Pa. 462.

The judgment is affirmed.