Hollander Brothers Drug Company, Appellant, *v.* American Surety Company.

*Replevin—Bank bills—Check—Principal and agent—Set-off—Act of April 19, 1901, P. L. 88.*

In an action of replevin to recover certain gold certificates of the United States government and bank notes and a check drawn to the order of the plaintiff, an affidavit of defense is sufficient which avers that the defendant was employed by the plaintiff as an agent under an

agreement to pay to him for his services twenty-five per cent of all sums realized by him and that at the time of the receipt of the notes and check plaintiff was indebted to him in an amount greatly in excess of the certificates, notes and check.

Argued April 19, 1911.  Appeal, No. 111, April T., 1911, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1910, No. 671, discharging rule for judgment for want of a sufficient affidavit of defense in case of Hollander Brothers Drug Company v. American Surety Company and M. W. Alberty.  Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Replevin to recover United States notes, bank notes and check.  Before SHAFER, J.

Both defendants filed affidavits of defense.

The statement of claim was as follows:

Prior to October 25, 1909, the defendant, M. W. Alberty, had been employed by the plaintiff as its agent or solicitor for the sale of certain goods and for the collection of its accounts.  In his capacity as collector for the plaintiff he had received certain bills of the government of the United States and certain bank bills of various denominations and numbers as set forth in the schedule attached to this statement marked exhibit "A" and made part hereof, these being bills of the United States and bank bills which had been collected by him from customers of the plaintiff who were indebted to it and which bills and notes were the property of the plaintiff.  The defendant had also received and held in his custody on or before October 25, 1909, a certain check, dated October 27, 1909, drawn by Stefan Miller to the order of Hollander Brothers Company on the People's Bank of McKeesport, being check thirty-seven (37) of the drawer, which had been received by the defendant Alberty in the course of his employment by the plaintiff and was intended to be a payment by said Miller of his account with the plaintiff and was the property of the plaintiff.

Plaintiff avers that all of the said notes and said check

were the plaintiff's property and that it was entitled to receive the same.

Plaintiff avers that said bills and notes and check were deposited by the defendant with the defendant, the American Surety Company, for a purpose of his own without authority from the plaintiff, and were in the custody of said American Surety Company at the time of the issuing of the writ in this cause, and had been wrongfully converted by said Alberty to his own use.

Plaintiff avers that said bills and notes and check are its property and that it has demanded the same from the defendants in this case, but that they have heretofore refused and failed to pay to it the said bills and notes and check, and still so refuse.

Plaintiff avers that the defendants have no counter-claim or set-off to its claim, but that the whole of the debt above described is due, owing and unpaid from the defendants to the plaintiff.

Wherefore plaintiff brings suit.


EXHIBIT "A."

$20.00 gold certificate, United States of America, C No. 9329114.

$20.00 gold certificate, United States of America, A No. 1216678.

$20.00 gold certificate, United States of America, B No. 5194032.

$20.00 gold certificate, United States of America, B No. 7892292.

$10.00 Union National Bank of Kansas City, X No. 396149.

$10.00 gold certificate, United States of America, A No. 10364759.

$10.00 silver certificate, United States of America, B No. 8058471.

$20.00 Coal & Iron National Bank, New York, H No. 827327.

$20.00 gold certificate, United States of America, A No. 1950886.

$20.00 gold certificate, United States of America, A No. 2243379.

$20.00 gold certificate, United States of America, A No. 124369.

$20.00 gold certificate, United States of America, B No. 7375009.

$20.00 gold certificate, United States of America, A No. 2464885.

$20.00 gold certificate, United States of America, C No. 13765036.

$20.00 First National Bank, Philadelphia, Pa., N No. 430191.

$20.00 First National Bank, Seaford, Del., V No. 691747.

$20.00 First National Bank, Scranton, Pa., M No. 201626.

Alberty's affidavit of defense was as follows:

Affiant admits having received into his possession on or about October 25, 1909, the bank notes and other property referred to in plaintiff's statement of claim, but denies that it was the property of said plaintiff, or that the plaintiff is entitled to receive the same. And further admits that said property was deposited by him with said American Surety Company and avers that said money was so deposited to indemnify said surety company upon a counter bond given by them in an action of replevin previously brought against affiant and others by said plaintiff at No. 191, January Term, 1910, in the court of common pleas, No. 2 of Allegheny county, for the recovery of the identical property sued for in this case, and avers that said property is still in the custody of said surety company and denies that he has wrongfully converted said property or any other property of said plaintiff to his own use.

Affiant admits that he was employed by the plaintiff as agent or solicitor for the plaintiff as alleged in the statement of claim and that said property was received by him in the course of said employment, and avers that said plain-

tiff agreed to pay affiant for his said services an amount equal to twenty-five per cent of all sums realized by him in said employment, and avers that at the time of the receipt of said property by him said plaintiff was indebted to him on account of said payments due him in an amount greatly in excess of the sum claimed by the plaintiff in this case, to wit, $316.50, and avers that said indebtedness of plaintiff to affiant, amounting to $559.63, was due and owing by the plaintiff to affiant out of the moneys then in his hands, leaving a balance due defendant, over and above the amount retained by him, as aforesaid, of $243.13.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Charles F. Patterson,* with him *Alexander Gilfillan,* for appellant.—So far as the defense of set-off is attempted to be interposed it is manifest that it is not admissible generally in an action of replevin: Hall's Safe Company v. Walenk, 42 Pa. Superior Ct. 576.

*Charles A. Locke,* for appellee, cited: Rosenblum v. Stolzenberg, 36 Pa. Superior Ct. 644; Reinheimer v. Hemingway, 35 Pa. 432; Swope v. Crawford, 16 Pa. Superior Ct. 474; Vinton v. Baldwin, 95 Ind. 433; Macky v. Dillinger, 73 Pa. 85; Lambert Gas & Gasoline Engine Co. v. McCay, 9 Del. County Rep. 43.

OPINION BY ORLADY, J., July 13, 1911:

This action of replevin was brought by the plaintiff to recover from the defendant, M. W. Alberty, $316.50. The statement of claim alleges that the defendant "as the agent or solicitor of the plaintiff for the sale of certain goods and for the collection of its accounts, received certain bank bills of the denomination and number as stated in an attached exhibit, which had been collected by him from customers of the plaintiff who were indebted to it, and

which bills and notes were the property of the plaintiff." In addition to the enumerated money there was a check for $6.50 drawn to the order of the plaintiff, and it was averred that all the notes and checks were the plaintiff's property.

The affidavit of defense as filed by Alberty, admitted the possession of the bank notes and check, but specifically denied that they were the property of the plaintiff, or that it was entitled to receive them. The employment as agent or solicitor was admitted, and that the money and check were received by Alberty in the course of his employment as such, and averred that the plaintiff agreed to pay him for his services as agent or solicitor an amount equal to twenty-five per cent of all sums realized by him in said employment; and further that, at the time of the receipt of said property the plaintiff was indebted to him on account of payments due him, in an amount greatly in excess of the sum claimed by the plaintiff, and that the indebtedness of the plaintiff to the defendant amounted to $559.63, then due and owing out of the money then in his hands.

The Act of April 19, 1901, P. L. 88, requires that the declaration in replevin shall consist of a concise statement of the plaintiff's demand, setting forth the facts on which his title to the goods and chattels is founded. This has evident reference to the facts relating to his acquisition of the property, and the conditions which entitle him to its possession. Possession usually follows title, and affirmative and absolute ownership, or qualified property with the circumstances of such qualified proprietorship, would ordinarily be sufficient to present a prima facie case in favor of the plaintiff. If the plaintiff's title be clearly and fully set forth, with averments of the wrongful dispossession, the defendant must meet this prima facie showing, by setting forth in his affidavit of defense facts sufficient to justify his retention of the property: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463.

As we stated in Miller v. Jackson, 34 Pa. Superior Ct.

31, the sufficiency of such affidavit must be determined by the same rules that control in other cases where like affidavits are required. It must state frankly and fairly the facts that support the claim of defense, not legal conclusions or mere inferences drawn by the affiant. If the claim made be one of absolute ownership, while the supporting facts show, at most, but a plea of qualified ownership, or right of possession, such as would arise from a pledge or other form of bailment, for instance, without additional facts necessary to determine the nature, extent and duration of such special right, such affidavit would be plainly insufficient.

An averment in the statement that the subject-matter of replevin was the plaintiff's property, without more, is but a conclusion of law and valueless. There is no averment here that Alberty was to turn over the specific items of money which he received from the plaintiff's customers when he made sale of certain goods, or from the collection of its accounts. The allegation in the affidavit of defense that he was to receive an amount equal to twenty-five per cent of the sum realized by him in said employment, is a direct and sufficient challenge to the plaintiff's claim of property to the particular money, which he received as the plaintiff's agent. A plaintiff in replevin must recover, if at all, on the strength of his own title, and not on the weakness of his adversary:" Swope v. Crawford, 16 Pa. Superior Ct. 474.

The primary object of replevin is the specific recovery of property. The secondary object, is to recover its value with damages for its detention, where specific recovery cannot be had. Where the property is retained by the defendant, under bond, the case proceeds as an action of trespass, and the title of the plaintiff, whatever it may have been before, is extinguished. While set-off is not admissible in replevin, Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576, the affidavit in this case sets up a retention of the property as agent, and discloses a course of business which is a complete answer to the plaintiffs'

averment of title to the property. From all that appears in the statement of claim, the plaintiffs' demand would have been satisfied at any time by any character of payment made by Alberty, whether in the identical money received by him from the customers, or other money, or by check, so that the plaintiff does not give a concise statement of his demand, and set forth facts upon which his title to the goods and chattels is based, as required by the act. In the last paragraph of his statement, his claim is described as a debt which is due, and avers that the defendant has no counterclaim, or set-off thereto.

The money and check are treated by the plaintiff as of like character, and if we are to interpret the language used in the statement and affidavit, in the light of our everyday experience, when the defendant received the money due on accounts, he became a debtor of the plaintiff for that amount, less his commission, but he was not under obligations to preserve and deliver the exact coin and bills received, which would be a most unbusiness-like exaction. The making of change and adjustment of payments would reasonably imply, that the money so received by Alberty would be treated as his money, and after deducting his commission, he would be liable to the plaintiff for that amount of money. Such an affidavit is intended to prevent a summary judgment only, and the one filed in this case sufficiently denies the title of the plaintiff.

Alberty asserts not only possession of the property described, but avers to have the right of possession of this particular property. In this respect it is sufficient, and the judgment of the court below in discharging the rule for judgment for want of sufficient affidavit of defense is affirmed.