## Asure et al., Appellants, v. Hankele.

*Practice, C. P.—Replevin—Joint action—Demurrer.*

A joint action of replevin cannot be maintained in the absence of a declaration of joint ownership or joint right of possession.

A demurrer to a statement in replevin will be sustained where different persons join in one action of replevin for several goods, where the property is severally owned, and there is no declaration of joint ownership or joint right of possession.

Argued Nov. 18, 1918. Appeal, No. 279, Oct. T., 1918, by plaintiff, from judgment of C. P. Bucks Co., December T., 1917, No. 33, sur demurrer to amended declaration in the case of William Asure, Mary F. Muir, Wilmer E. Scarborough, Fred Humphrey and Alfred H. Muir v. Allen J. Hankele, Landlord, and Albert R. Atkinson, Constable. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin to recover personal property levied on under landlord's warrant. Before RYAN, P. J.

The plaintiffs' declaration set forth that they were the owners of certain personal property levied on in landlord's warrant against Alfred H. Muir, and that the tenant was not indebted to the landlord and that the landlord's warrant had been unlawfully issued.

The defendants demurred to the statement for the reasons that the declaration failed to set forth the facts upon which title was based and that it failed to show the interest of the respective plaintiffs, as to whether or not they were the joint owners of all the goods named, or whether the respective plaintiffs were the absolute owners of the different articles replevied. The court sustained the demurrer with leave to plaintiffs to amend.

An amended statement was filed stating that the plaintiffs were individually the absolute owners of the goods and chattels levied upon and giving the respective claims to the various articles.

The defendants again demurred on the ground that the statement failed to show whether the title in the goods was absolute or joint or several.

The opinion of the court sustaining the demurrer was as follows:

The declaration has been amended under leave granted by this court on February 21, 1918, a demurrer to the original declaration having been sustained. The amendment while informal, will be considered upon its merits. It states that each of the plaintiffs is the owner of the same property claimed and enumerates it with a statement of facts upon which the several titles are based. It appears that the ownership is several and not joint, and that in this suit there are combined separate claims having no relation to each other beyond the fact that all the property was distrained upon under one warrant of distress. It is true the amended declaration contains the following paragraph: "While the plaintiffs above named are individually the absolute owners of the goods and chattels specifically claimed by them under paragraphs 1, 2, 3, 4 and 5, yet they are jointly interested

ASURE et al., Appellants, *v.* HANKELE.　307

in all the goods and chattels, under and by virtue of mutual agreement, for the purpose of operating and working the farm, and were so jointly interested immediately after the letting of the premises, and are jointly interested in combating the landlord's levy which is illegal and malicious, and which affects them jointly and severally." This averment reiterates the statement that the plaintiffs "are individually the absolute owners of the goods and chattels specifically claimed by them." The "joint interest" referred to evidently is not a joint ownership or a joint right of possession of the property distrained. In the absence of a declaration of such ownership or such right of possession, the case presented is that of different persons joining in one action of replevin for several goods where the property is several. Such an action cannot be maintained. Wilkinson on Replevin 4; Coke on Littleton 145; Hart v. Fitzgerald, 2 Mass. 509; Morris on Replevin, 2d ed., 112; Chambers v. Hunt, 18 N. J. L. 339. The demurrer must, therefore, be sustained.

And now, to wit, August 15, 1918, the demurrer to the statement as amended is sustained and judgment is entered for the defendants with costs.

*Error assigned* was the order of the court.

*John L. DuBois,* for appellant, cited: Rafferty et al. v. Central Traction Co., 147 Pa. 579; Wilkinson v. Stewart, 85 Pa. 255; Miller v. Warden, 111 Pa. 300; Ferguson v. Lauterstein, 160 Pa. 427; Rickard v. Major, 34 Pa. Superior Ct. 107; Michener v. Dale, 23 Pa. 64; Rouke v. Beckley, 49 Pa. Superior Ct. 76; Logan v. Penna. Telephone Co., 40 Pa. Superior Ct. 653; Drumgoole v. Lyle, 30 Pa. Superior Ct. 463.

*Isaac J. Vanartsdalen,* and with him *Wynne James* and *Calvin S. Boyer,* for appellee, cited: 30 Cyc. 114; McDonald v. Simcox, 98 Pa. 624; Drumgoole v. Lyle,

30 Pa. Superior Ct. 463; Hollander Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403; Forsyth v. Stumbaugh, 13th Dist. Reports 339; Jackson & Gross, "Landlord and Tenant," 390; Wood v. Hall, 101 Pa. 595; Cyc. Title Replevin, Vol. XXXIV, 1388; Lake Shore & Michigan Southern Ry. Co. v. Ellsey, 85 Pa. 283; Strong, Deemer & Co. v. Dinniny, 175 Pa. 586; Stone v. Rodgers, 17 Pa. Superior Ct. 358.

PER CURIAM, March 12, 1919:

The questions raised on this appeal are adequately disposed of in the opinion filed in the court below sustaining the demurrer.

In addition to the authorities therein cited may be added, Weed v. Hall, 101 Pa. 595; Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; Hollander Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403; Strong, Deemer & Co. v. Dinniny, 175 Pa. 586.

The judgment is affirmed.