## Automobile Banking Corporation v. Mentzer.

*Guy K. Bard* and *Paul A. Mueller*, for rule; *Charles W. Eaby*, contra.

GROFF, J., July 5, 1930.—This is an action of replevin brought by the plaintiff to recover eight second-hand automobiles found by the said plaintiff to be in the possession of one Harvey Mentzer. The said Harvey Mentzer was the owner of a public garage located at Murrell, near Ephrata, in this county. The plaintiff filed its bond. Mentzer gave no counter-bond, and possession of the machines was delivered to the plaintiff.

On May 1, 1930, the plaintiff filed its declaration, in which it avers, in paragraph 3, that, prior to the institution of this suit, it became the owner of the automobiles enumerated in the said declaration. In paragraph 4 plaintiff says that during the summer of 1929 it placed these used automobiles in the possession of one George Buchhalter and made an oral agreement with the said Buchhalter wherein he agreed to sell the said automobiles for a stipulated commission.

To this statement the defendant filed his affidavit of defense. He makes no claim of ownership to the machines, but says that in October, 1929, he "entered into an oral lease with George Buchhalter [the party in whose possession plaintiff had placed the machines] by which he leased to the said George Buchhalter a certain garage in Murrell for the storage of automobiles at the rate of $15 per month for the months of October, November and December, 1929, and $1 per day per car during the month of January, 1930;" that the rent was not paid for the months of December and January; and that he refused to deliver the possession of the machines when it was demanded by the plaintiff because he had a lien on said machines for rent amounting to $280.

In Hollander Brothers Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403, 408, Judge Orlady, speaking of the affidavit of defense, says:

"If the plaintiff's title be clearly and fully set forth with averments of the wrongful dispossession, the defendant must meet this *prima facie* showing by setting forth in his affidavit of defense facts sufficient to justify his retention of the property.

". . . It must state frankly and fairly the facts that support the claim of defense, not legal conclusions or mere inferences drawn by the affiant. If the claim made be one of absolute ownership, while the supporting facts show, at most, but a plea of qualified ownership or right of possession, such as would arise from a pledge or other form of bailment, for instance, without additional facts necessary to determine the nature, extent and duration of such special right, such affidavit would be plainly insufficient."

We think, in this case, that the defendant has set forth such additional facts as were necessary to determine the nature, extent and duration of his special right.

In Mitchell et al. v. Standard Repair Co., 275 Pa. 328, it was said, in the syllabus, that:

"1. In replevin, nothing can be tried but the right of possession to the property in controversy; a mere claim for compensation, such as for storage, gives no such right unless it creates a lien."

Paragraph 5 of the same syllabus reads:

"5. Although ordinarily set-off cannot be pleaded or allowed in replevin, the nature and extent of a claim in replevin is warranted to be raised by the right to a lien, or, by section 6 of the Act of April 19, 1901, P. L. 88, 90, permitting conditional verdicts to enforce liens in replevin."

On page 330 of the opinion, in the same case, we find Mr. Chief Justice Moschzisker saying:

"If defendant had a lien, it was entitled to retain possession of plaintiff's cars until its claim was discharged; and either that right or the provision in section 6 of the Replevin Act of April 19, 1901, P. L. 88, 90, permitting conditional verdicts for the purpose of enforcing liens, gives sufficient warrant for raising in the present action questions concerning the nature and extent of defendant's claim, albeit ordinarily no set-off can be pleaded or allowed in replevin."

The claim of set-off in the affidavit of defense in this case is a claim contracted for by the admitted agent of the defendant and would, if properly proven on the trial of the case, create a lien and entitle the defendant to a conditional verdict for so much as is due thereon.

The real point is—Did the defendant have a lien? That should be determined on a trial of the facts before a jury. We, therefore, discharge the rule for judgment for want of a sufficient affidavit of defense. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.