## National Theatre Supply Co. to use *v.* Mishler Theatre Co. (et al., Aplnt.).

Submitted May 24, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert F. Hare* and *Thos. C. Hare,* for appellant.

*Homer I. Smith* and *Isaiah Scheeline,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1933:
In this appeal from judgment for plaintiff in replevin, the subject-matter of the controversy is six hundred sixty-eight special opera chairs, installed in the Mishler Theatre in the City of Altoona. The premises in question were for many years the property of Isaac C. Mishler and were used as a place of public entertainment and amusement. On September 13, 1923, Mishler conveyed the property to Mishler Theatre Company, a Pennsylvania corporation, taking, in part payment, a purchase-money mortgage on the premises. The Theatre Company went into possession and used the building continuously as a theatre for stage productions and moving picture entertainments until January, 1931. On July 21, 1930, the Mishler Theatre Company entered into a conditional sales contract with the National Theatre

Supply Company for the installation of 668 opera chairs in the theatre building to replace approximately 700 old chairs then in use. The contract, which was recorded July 25, 1930, was subsequently assigned by the vendor to the use-plaintiff in the present proceeding, the Theatre Equipment Acceptance Corporation, hereinafter referred to as the Equipment Company. The Theatre Company having defaulted in payment of interest and principal due under the terms of the mortgage, at the instance of the mortgagee judgment was entered upon which execution issued, and the property sold at sheriff's sale, January 9, 1931. The purchaser at the public sale was Isaac C. Mishler, mortgagee of the premises. On January 15, 1931, Mishler conveyed the land, with the building erected thereon, to A. Notopoulos, intervening defendant. In the meantime, the Theatre Company having defaulted in payment of installments due under its contract with the Equipment Company, the latter, on July 8, 1931, instituted this action of replevin to recover possession of the opera chairs previously installed under the terms of the agreement above referred to. The question raised by this state of facts is whether the rights of a conditional vendor of chattels attached to the realty are superior to those of a purchaser of the premises by deed from a prior mortgagee. The lower court answered the question in the affirmative and we see no reason to disturb this conclusion.

The defense made to plaintiff's claim is that the opera chairs, being securely fastened to the floor of the auditorium, are an essential part of the theatre and indispensable to its use as a place of public entertainment, and as such are fixtures that passed with the realty to the intervening defendant by deed from Mishler under date of January 15, 1931. This contention is answered by the provisions of the Conditional Sales Act of May 12, 1925, P. L. 603, as amended by the Act of 1927, P. L. 979. Section 4 of the Act of 1925, P. L. 603, provides that, with named exceptions, "every provision in a con-

ditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons." The only pertinent exception is that contained in the first clause of section 7 as amended by the Act of 1927, supra, which provides as follows: "First—As against a subsequent purchaser, subsequent mortgagee, or other subsequent encumbrancer of the realty, for value and without notice of the reservation of property in the goods, such reservation shall be void as to any goods so attached to the realty as to form a part thereof, unless the conditional sale contract, or a copy thereof, shall be filed, as required in section six, before such purchase is made or such mortgage is given or such encumbrance is effected. 'Subsequent,' as used in this paragraph, refers to the time of attaching the goods to the realty."

The intervening defendant, A. Notopoulos, was a subsequent purchaser within the meaning of the act, by virtue of the conveyance to him of January 15, 1931, the installation of the opera chairs having taken place in 1930. The conditional sales contract was recorded in the office of the Prothonotary in Blair County, July 25, 1930. Notopoulos consequently had record notice of the contract, one of the provisions of which was that, "The purchaser agrees that the property shall remain personal property, but if any of same shall become so attached to realty as to become a fixture or fixtures, the same may, nevertheless, be removed and the purchaser shall save the seller harmless from liability for damage to the realty in removing said property."

Appellant argues that the reservation of title under a conditional sales contract is void unless a bond be furnished to indemnify the vendee for injuries to the freehold. The requirement of a bond, however, applies only to an owner, a *prior mortgagee* or other *prior* encumbrancer of the realty who has not assented to the reservation of property in the goods, as declared in the second clause of section 7 of the Act of 1927, supra. The inter-

vening defendant had notice of the agreement and is presumed to have assented to the reservation of title. Moreover, it should be noted that, under the wording of the act, the bond is to be furnished or tendered "before retaking such goods." Here the intervening defendant furnished security to retain possession of the chairs after issuance of the writ of replevin. Consequently the goods were not removed and there has been no damage to the realty.

We have recently, in the case of Clayton v. Lienhard, 312 Pa. 433, considered and restated the general principles of law applicable to fixtures, and there is no occasion to review them here. See also American Laundry Machine Co. v. Miners Trust Co., 307 Pa. 395, and Hill v. Sewald, 53 Pa. 271.

Appellant questions the regularity of the judgments entered by the lower court and we are of opinion the exception is well taken. Judgment was entered against the Mishler Theatre Company and the intervening defendant for want of a sufficient affidavit of defense in the sum of $3,733.47 with interest from October 21, 1931. However, this is an action in replevin and in such case a judgment for want of a sufficient affidavit of defense merely determines the right of the plaintiff to possession of the goods. We said in Westinghouse Air Brake Co. v. Harris, 237 Pa. 203, 210: "It seems perfectly clear that a rule absolute for want of a sufficient affidavit of defense under the provisions of this section [section 5 of the Act of April 19, 1901, P. L. 88] does nothing more than determine the title to the property in dispute. The plaintiff must resort to a writ of inquiry for the assessment of damages: Painter v. Snyder, 22 Pa. Superior Ct. 603."

The portion of the decree of the court below making absolute the rule for judgment is affirmed and that portion of the decree and judgment entered thereon assessing damages is hereby set aside, and it is ordered that a writ of inquiry issue for the assessment of damages; costs to be paid by appellant.