## SMITH v. McKENNA BRASS MFG. CO.

### In re PENNSYLVANIA BREWING CO.
#### No. 6694.

Circuit Court of Appeals, Third Circuit.
July 6, 1938.

Earl V. Compton, of Harrisburg, Pa., for appellant.

Robert E. Woodside, Jr., of Harrisburg, Pa., and Harold A. Stewart, of Latrobe, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

This is an appeal by Frederick E. Smith from an order of the District Court in Bankruptcy reversing an order of the referee and granting the petition of appellee, McKenna Brass Manufacturing Company, for reclamation of machinery sold by it, under a valid conditional sales contract, to the Pennsylvania Brewing Company, the bankrupt.

The question involved is whether or not under the facts the appellant's title to the Brewing Company plant is subject to the lien of the appellee as conditional vendor of the machinery involved.

The machinery is admittedly necessary to the operation of a complete brewery, though it could be removed without physical damage to the freehold. Four liens are here noted. The liens of the appel-

lant, Smith, as former mortgagee, and of the appellee, McKenna, as conditional vendor, are directly involved. Two judgment liens are indirectly involved. Prior to the conditional sale, the plant of the Brewing Company was subject to the first mortgage lien of the appellant, and two judgment liens, the mortgage lien having priority. Such being the situation, the appellee sold a beer filler, crowner and labeller to the Brewing Company by a valid and recorded sales contract.

Under the law of Pennsylvania, the reservation of title by the appellee was void as against any prior encumbrancer "who has not assented to the reservation." Central Lithograph Co. v. Eatmor Chocolate Co., 316 Pa. 300, 175 A. 697, 698. The appellee obtained the assent of the appellant Smith, who wrote to him saying that "I recognize that my claim as mortgagee * * * are junior to your claim under the conditional sales contract, and I consent at any time that you have such a right, under the said contract, you may remove such machinery if done without damage to the structure * * *". McKenna did not, however, obtain the assent of the judgment creditors. This left the mortgage lien prior to the judgment liens, the judgment liens prior to the conditional sale lien, but the conditional sale lien prior to the mortgage lien. Then the trustee in the bankruptcy of the Brewing Company, sold the plant, including only his "right, title and interest" in the machinery subject to the conditional sale, subject to the mortgage, but free and clear of the judgment liens. The trustee's vendee resold the premises to the Imperial Brewing Company. Thereafter the appellant Smith (mortgagee) acquired title to the plant through foreclosure of his mortgage. The question then is whether or not Smith's title is subject to McKenna's lien on the machinery as conditional vendor.

■ Had this machinery been purchased outright, it would have been subject to the lien of the mortgage. Pennsylvania Chocolate Company v. Hershey Bros., 316 Pa. 292, 175 A. 694, 99 A.L.R. 139. Furthermore, even though it was sold by conditional sale, it became a part of the realty, the provisions of a conditional sale or bailment lease merely giving the appellee "the contract right by severance to retake it and so 'reconvert it into personalty'". Clayton v. Lienhard, 312 Pa. 433, 167 A. 321, 323. If the appellee had not obtained the recognition of his "contract right" to retake the property, his lien as conditional vendor would have been subject to the appellant's mortgage lien even though the machinery could be removed without "physical damage" to the plant. Central Lithograph Co. v. Eatmor Chocolate Co., 316 Pa. 300, 175 A. 697.

Now the appellant argues that because the trustee's sale cut off the prior liens of the judgment creditors, it necessarily cuts off the lien of McKenna, and that the purchaser at the trustee's sale obtained title free of all liens and that, therefore, by the foreclosure proceedings on his, Smith's, mortgage, he obtained title free of McKenna's lien.

■ But in our view there are two errors in this reasoning. It is true that under certain circumstances, as an officer of the court and through the power of the court, a trustee may sell the bankrupt's property free and clear of all liens, and thereby sell a greater interest than the bankrupt could have sold. Here the trustee sold "such right, title and interest" as the bankrupt had in the machinery, and a trustee takes only the interest of the bankrupt even though, as pointed out above, he may at times sell a greater interest. It may be that the judgment creditors, by prompt action, could have objected to a sale which preserved a lien subordinate to their liens. However, they have not objected and do not now object and the appellant, not being injured by such a sale, for the lien of his mortgage not being affected, he cannot now be heard to object. And since he agreed that McKenna's property then about to be delivered, was released from the lien of his mortgage, he cannot in equity and good faith deprive McKenna of the protection he gave to the machinery McKenna thus furnished.

■ The second reason that we believe the appellant's reasoning to be faulty is that even though the sale did cut off the appellee's lien, the appellant gave his consent to the removal of the machinery, and this is binding on him. As the District Court said, "he is the party to the original agreement permitting removal of the machinery, and takes title subject to that agreement."

So regarding, and in view of National Theatre Supply Co. v. Misher Theatre Co., 312 Pa. 250, 167 A. 324, the decree below is affirmed.