## Fisher, to use, v. Burkholder

*S. Richard Harr*, for plaintiff.
*Alfred C. Alspach*, for defendant.

SCHAEFFER, P. J., July 25, 1941.—This is an action of replevin for the possession of two promissory notes originally payable to Henry Fisher, the legal plaintiff, who has been a guest in the County Home Department

of the Lancaster County Institution District, the use-plaintiff. The writ of replevin was served on defendant, Martin Burkholder, on October 21, 1940, by the Sheriff of Lancaster County who made a return that the notes could not be found. Plaintiff's declaration of replevin was served on defendant on February 11, 1941. Defendant has not filed a formal affidavit of defense, but has filed an answer which the court will consider in lieu of an affidavit of defense. Defendant admits "that the legal plaintiff, Henry Fisher, is a public charge now being cared for in the county home department of the use-plaintiff, and having so been cared for as a public charge for a period in excess of two hundred seventy-two weeks, at intervals, since November 15, 1933."

Defendant further admits that said Henry Fisher in the spring of 1940 gave to defendant for safekeeping a promissory note for $105, in which Harry W. Mull is the maker and the legal plaintiff is the payee, and further admits that the said Henry Fisher about the same time gave to defendant for safekeeping another promissory note originally in the sum of $600, on which there is a balance due of $359, in which Jacob Horst is the maker and the legal plaintiff is the payee. Defendant admits that the use-plaintiff has made demand upon him frequently since July 3, 1940, for surrender and delivery of the notes which he refused to do. Defendant also admits that after the replevin proceedings were instituted and after the declaration of replevin was served on him he delivered the notes to the legal plaintiff, Henry Fisher, at the latter's demand.

Plaintiff proceeded under the authority of The Support Law of June 24, 1937, P. L. 2045, sec. 5, 62 PS §1975. It provides as follows:

"(a) Whenever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such

person; (*b*) Such suit shall be brought in the name of such person for the use of such public body or public agency. Proof that the person to whom such money is due became a public charge, or was publicly assisted, shall be conclusive of the right to recover whatever may be legally due such person."

The title or right of possession to the two notes in the Lancaster County Institution District, or use-plaintiff, is not disputed, but defendant raises two questions: First, a jury should determine whether the defendant acted properly and within his legal right in delivering the notes to the legal plaintiff; and, second, an action of replevin does not lie in this case.

Under the pleadings and the admitted facts the court finds as a matter of law that defendant had no right to turn over to Henry Fisher, the legal plaintiff, the two notes in question. In The Biograph Co. v. Kelley, 24 York L. R. 171, judgment was entered for plaintiff for want of a sufficient affidavit of defense where defendant in his affidavit neither denied plaintiff's title nor averred any title to the personal property, but averred that he obtained the personal property as a loan from a person not named to whom he returned the property after the service of the writ.

Defendant contends that the authority of the use-plaintiff under The Support Law of June 24, 1937, supra, is limited to a recovery of money and that the use-plaintiff can proceed only against the makers of the notes in question. If it is conceded that the use-plaintiff may recover the money or amount due on the notes it follows a fortiori that the use-plaintiff is entitled to possession of the notes until the same are paid.

"A promissory note is personal property, within the meaning of the various statutes, and may be recovered in an action of replevin": 54 C. J. 422, §9.

In Hollander Brothers Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403, the court recognized a check as personal property within the purview of the

Replevin Act of April 19, 1901, P. L. 88. In Grand Council of Pennsylvania Royal Arcanum v. Cornelius, 198 Pa. 46, the replevin for bonds was sustained. In Schmidt v. Campbell et al., 139 Pa. Superior Ct. 590, the court permitted the recovery of a mortgage trust certificate in possession of defendants in an action of replevin. In John B. Peoples' Admr. v. Harry H. Landis, Jr., 41 Lanc. L. R. 629, this court permitted the recovery of a certificate of stock in a replevin proceeding. "The word 'money' is a general term and may and often does include property other than currency": Newhard v. Newhard, 303 Pa. 299, 301. It is so used in The Support Law of 1937, supra.

In an action of replevin, the issue is confined to the question of title and the exclusive right of possession; all matters foreign thereto must be excluded from consideration and are not available as defenses: Blossom Products Corp. v. National Underwear Co., 325 Pa. 383. Furthermore, in an action of replevin, judgment for want of a sufficient affidavit of defense merely determines the right of plaintiff to possession of the goods, and plaintiff must resort to a writ of inquiry to secure assessment of damages: National Theatre Supply Co., to use, v. Mishler Theatre Co. et al., 312 Pa. 250; Westinghouse Air Brake Co. v. Harris, 237 Pa. 203.

Inasmuch as the issue before the court at this stage of the proceeding is to determine the right of the use-plaintiff to possession of the notes in question, the court decides that as between the use-plaintiff and defendant the former is entitled to possession thereof. If defendant cannot produce the notes, the use-plaintiff may secure assessment of damages by writ of inquiry.

And now, July 25, 1941, the court enters judgment in favor of Lancaster County Institution District, the use-plaintiff, and against Martin Burkholder, defendant, for want of a sufficient affidavit of defense.